# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00396-CV

**Academy of Oriental Medicine, L.L.C., Quianzi Wu and Xiaotian Shen, Appellants**

**v.**

**Eve Andra, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN400522, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

Appellants, Academy of Oriental Medicine, L.L.C. and Drs. Quianzi Wu and Xiaotian Shen, are defendants in a medical negligence suit brought by their former patient, appellee Eve Andra. Appellee filed an "expert report" from her family practitioner, Dr. Holme, that purports to state the standard of care for an acupuncturist treating asthma by topical application of a mustard paste. Appellants in two issues appeal the district court's denial of their motion to strike Holme's report, arguing that he is not qualified to testify regarding traditional Chinese medicine and that the report is insufficient as a matter of law. Because we do not have jurisdiction to hear an interlocutory appeal of the denial of the relief sought, we do not reach the merits of appellants' issues and dismiss this appeal for lack of jurisdiction.

## DISCUSSION

Where, as here, there is not a final and appealable order, the Court only has jurisdiction to hear interlocutory appeals as authorized by statute. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1988); *Majeski v. Estate of Majeski*, 163 S.W.3d 102, 105 (Tex. App.—Austin 2005, no pet.). We construe statutes to determine and effectuate the legislature's intent. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Ordinarily we begin with the statute's plain and common meaning but give defined terms their statutorily-defined meanings. *Id*. The meaning of a term that is not specifically defined is determined primarily by how that term is used throughout the act as a whole and should be interpreted consistently in every part of an act. *Id*. We consider disputed provisions in context, not in isolation. *Gonzalez v. Tippit*, 2005 Tex. App. LEXIS 4463, at *5 (Tex. App.—Austin June 10, 2005, no pet. h.); *see Fitzgerald v. Advanced Spine Fixation Sys*., 996 S.W.2d 864, 866 (Tex. 1999). Moreover, we read every word, phrase, and expression in a statute as if it were deliberately chosen and presume the words excluded from the statute are done so purposefully. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.—Austin 2002, pet. denied).

The civil practice and remedies code provides for interlocutory appeals of certain orders regarding expert reports in health care liability claims. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(9)-(10) (West Supp. 2004-05) (authorizing certain interlocutory appeals from section 74.351 orders); 74.351 (West 2005) (requirements of expert reports in health care liability claims). Specifically, section 51.014(a)(9) allows interlocutory appeal of an order that "denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be

taken from an order granting an extension under Section 74.351." *Id*. § 51.014(a)(9). Section

51.014(a)(10) allows interlocutory appeal of an order that "grants relief sought by a motion under

Section 74.351(l)." *Id*. § 51.014(a)(10). Because section 51.014's authorizing of interlocutory

appeals is a narrow exception to the general rule that only final judgments and orders are appealable,

we must strictly construe it. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001);

*Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 85 (Tex. App.—Austin 2005, no pet.

h.).

Appellants argue that the order they appeal from was a denial of all or part of the

relief sought by a motion under section 74.351(b) and that we therefore have jurisdiction. We

disagree. Section 74.351(b) reads as follows:

> If, as to a defendant physician or health care provider, an expert report has not been
> served within the period specified by Subsection (a),[1] the court, on the motion of the
> affected physician or health care provider, shall, subject to Subsection (c),[2] enter an
> order that:
>
> (1)  awards to the affected physician or health care provider reasonable attorney's
>        fees and costs of court incurred by the physician or health care provider; and
>
> (2)  dismisses the claim with respect to the physician or health care provider, with
>        prejudice to the refiling of the claim.

---

[1]  "In a health care liability claim, a claimant shall, not later than the 120th day after the date the claim was filed, serve on each party . . . one or more expert reports . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2005).

[2]  Section (c) permits a trial court to grant a 30-day extension to cure a deficiency where an expert report has not been served within 120 days because elements of the report are found deficient. *Id*. § 74.351(c).

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b).

Appellants' motion requested that the report be stricken because Holme was not qualified to opine as to the standard of care and because the report was not adequate as an expert report in that it failed to comply with the statutory requirements of an expert report in section 74.351(r)(6).[3] Appellants requested that the trial court strike the report but did not request the relief outlined in section 74.351(b), dismissal with prejudice and attorney's fees. It also did not assert that no expert report had been timely filed because, as the deadline had not run at the time appellants filed the motion, appellee might still timely file a report or reports that would satisfy the requirements of an expert report: "The issue of timeliness is not addressed in this objection since it is unclear if Dr. Holme's letter is intended to be the report. This issue will ripen when the deadline expires in June."[4] *See id.* § 74.351(I) (expert report requirements may be satisfied by one or series of reports from one or more experts addressing different issues).

---

[3] An expert report is

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6).

[4] Because appellee filed her suit on February 19th, the 120-day time period did not expire until June 18th. The trial court set the hearing for appellants' objections to the expert report after the deadline had run, at which time it could determine exactly what documents constituted her expert report. The court dated its ruling the same day, June 24th.

4

Appellants' motion, therefore, is more accurately characterized as a motion for relief under section 74.351(l). Under that section, "[a] court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report in Subsection (r)(6)." *Id.* § 74.351(l). Appropriately, appellants' motion challenging the adequacy of appellee's expert report addresses sections 74.351 (l) and (r) but does not mention (b).

Appellants argue for the broad reading of the term "relief" in section 51.014(a)(9) as *any* relief, which would include a declaration that appellee's report was statutorily deficient and therefore not timely filed.[5] This reading would require us to view the term "relief" in isolation. Instead, we examine the language in section 51.014 in context. *Gonzalez,* 2005 Tex. App. LEXIS 4463, at *5. Section 51.014(a)(9) allows interlocutory appeal of a denial of "all or part of *the* relief sought by a motion under § 74.351(b)," while (a)(10) allows appeal of an order that "grants relief sought by a motion under Section 74.351(l)." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9)-

_____

[5] It is true that a report can be deemed not timely filed under subsection (a) if the report is deficient but served before the 120-day deadline. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c) (addressing circumstance where report "has not been served within the period specified by Subsection (a) because elements of the report are found deficient"); *see generally In re Woman's Hosp. of Tex., Inc.*, 141 S.W.3d 144 (Tex. 2004) (Owen, J., concurring and dissenting) (discussing various cases in which, under former and current expert report statutes, trial courts were required to dismiss health care liability claims because expert reports were deficient). Therefore, if the report had been held deficient or stricken and, at the expiration of 120 days after the claim was filed, no sufficient expert reports had been filed, appellants would have been entitled to move for and receive the relief under section 74.351(b). However, appellants never moved for such relief; their motion challenging the adequacy of the expert report did not also request dismissal or fees and costs for lack of a timely report as any such request would have been premature before the running of the time period.

(10) (emphasis added). The relief available under section 74.351(b) is explicitly set out. If an expert report is not served within the relevant period, the trial court must grant the following relief: (1) award the defendant health care providers reasonable attorney's fees and costs, and (2) dismiss the claim with prejudice. *See id.* § 74.351(b). Conversely, the relief available under section 74.351(l) is not so clearly enumerated; that section directs a court to grant a motion challenging the adequacy of an expert report if that report does not represent a good faith effort to comply with the definition of an expert report in (r)(6). *Id.* § 74.351(l). A motion challenging the adequacy of an expert report that does not request the relief set out in section 74.351(b) is a motion for relief under 74.351(l). Trial court orders regarding section 74.351(l) can also be the subject of interlocutory appeals. *See id.* § 51.014(a)(10). However, that grant of jurisdiction is limited to the appeal of an order that "*grants* relief sought by a motion under Section 74.351(l)." *Id.* (emphasis added). The order on appeal here was a *denial* of relief sought by a motion under that section and therefore cannot be appealed under section 51.014(a)(10). We must presume that the legislature deliberately chose this language distinguishing the appeal of a *denial* of "the relief" under section 74.351(b) and the appeal of a *grant* of "relief" under section 74.351(l). *See Gables Realty Ltd. P'ship.*, 81 S.W.3d at 873. In accordance with that language, we cannot exercise jurisdiction over an appeal of this order because it is neither an order denying the relief sought by a motion under 74.351(b) nor one granting relief sought by a motion under section 74.351(l).

Appellees argue, however, that section 51.014(a)(9) was intended to be read broadly to include other forms of relief. That section includes an exception: "an appeal may not be taken

from an order granting an extension under Section 74.351."[6] Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). Pointing out that an extension is not among the enumerated relief in section 74.351(b), they reason that the legislature must have intended to allow interlocutory appeals of orders denying other relief than that listed. Otherwise the legislature need not have included language excepting an order granting an extension. Our examination of the relevant sections precludes this interpretation.

It is true that section 74.351(b) does not include an extension under subpoints (1) and (2), which list the aforementioned relief—dismissal with prejudice and attorney's fees and costs. *See id.* § 74.351(b). However, section 74.351(b) does explicitly subject each of these forms of relief to section 74.351(c), the provision allowing the court to grant a 30-day extension to cure deficiencies in an expert report. *See id.* § 74.351(b), (c). Thus, the relief a court grants under (b) is always "subject to Subsection (c)," which allows a trial court to deny a defendant's motion to dismiss with fees and costs and instead grant a 30-day extension even where "an expert report has not been served within the period specified . . . because elements of the report are found deficient." *Id.* § 74.351(b),(c).[7] Therefore we cannot infer from section 51.014(9)'s exception of an appeal for an

---

[6] *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c) (". . . the court may grant one 30-day extension to the claimant in order to cure the deficiency.").

[7] When a trial court grants a 30-day extension under (c), it does not dismiss or award fees or costs. In such cases, even where there is no timely expert report because the report or reports filed were found deficient and where the defendant moves for dismissal, fees, or costs, the trial court may deny the motion. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c) (West 2005). The grant of an extension to the plaintiff can be a denial of a defendant's motion under 74.351(b). Section 51.014(a)(9) generally makes such denials the proper subject of an interlocutory appeal. *Id*. § 51.104(a)(9) (West Supp. 2004-05). Rather than inviting us to assume jurisdiction over

7

extension that the legislature intended to allow orders denying motions for relief other than dismissal, fees, and costs under section 74.351(b) to be the subject of an interlocutory appeal.

Moreover, appellants' contrary interpretation squarely contradicts the legislature's limited grant of jurisdiction in section 51.014(a)(10). Section 51.014(a)(10) confers jurisdiction exclusively over interlocutory appeals of orders that grant relief under section 74.351(l). *Id.* If we were to read section 51.014(a)(9) as a grant of jurisdiction over an interlocutory appeal of an order denying a motion for *any* relief regarding a deficient expert report or an eventual dismissal we would in this case be exercising jurisdiction over their appeal of the trial court's *denial* of their motion challenging the adequacy of the expert report under section 74.351(l). The legislature has addressed interlocutory appeals of orders regarding the adequacy of expert reports under section 74.351(l) in section 51.014(a)(10). If it had intended to allow an interlocutory appeal from an order that *denies* relief sought by a motion under section 74.351(l), surely it would not have only used the word "*grants*." *See id.* § 51.014(10); *Gables Realty Ltd. P'ship*, 81 S.W.3d at 873 (when construing statutes we must presume legislature purposefully excluded words not appearing in statute). Following appellants' suggested interpretation would render useless the provisions of section 51.014(a)(10). This we decline to do.

Because this appeal challenges an order that is neither an order denying the relief sought by a motion under 74.351(b) nor one granting relief sought by a motion under section

---

interlocutory appeals of denials of motions other than motions for relief under section 74.351(b), the exception in 51.014(9) clarifies that an interlocutory appeal is only available when the court had denied a defendant's motion but had not granted the plaintiff additional time to cure deficiencies. *See id.* §§ 51.014(9); 74.351(b),(c).

74.351(l), we lack jurisdiction to hear it. *See Stary*, 967 S.W.2d at 352-53 (statutory list of instances when jurisdiction permitted over interlocutory appeal exclusive).

## CONCLUSION

We dismiss the appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear; Justice Kidd Not Participating

Dismissed for Want of Jurisdiction

Filed:   August 26, 2005