IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00197-CV

 

Rory Lewis, M.D.,

                                                                      Appellant

 v.

 

Dewayne Funderburk, as next 

Friend of Whitney Funderburk,

                                                                      Appellee

 

 

 



From the 87th District Court

Limestone County, Texas

Trial Court No. 27,143-B

 



DISSENTING Opinion










 

          This is a medical malpractice case. 
The precedent established by this case is that if a trial court grants a
plaintiff a 30 day extension to serve a medical expert report, there can be no
interlocutory appeal if the trial court subsequently determines the extended
report is compliant, no matter how defective the extended report may be.[1] 
I dissent.

 

The Time Line

02/22/02 -      Letter from one
physician, thanking another physician for the referral of a client, aka Wroten
Report

 

12/22/03 -      Suit filed

 

03/11/04 -      Wroten Report
served as part of discovery

 

04/20/04 -      Deadline for serving
an expert report

 

06/28/04 -      Motion to dismiss
filed

 

09/30/04 -      Hearing on motion
to dismiss.  Trial court determined instead that the Wroten Report is an inadequate
expert report and gave 30 day extension upon request of plaintiff to serve a
compliant report

 

10/29/04 -      Order signed
granting the 30 day extension

 

10/29/04 -      Extended report served

 

11/12/04 -      Objections to
extended report

 

11/12/04 -      Motion to Dismiss
due to failure to file a compliant report and objections to extended report

 

02/04/05 -      Hearing on objections
and motion to dismiss; objections overruled, motion denied

 

03/28/05 -      Order signed

 

04/12/05 -      Notice of Appeal
filed

 

The
Short Version

 

          The plaintiff filed suit.  The nature
of the suit required an expert report to be served.  The plaintiff did not
timely serve an expert report.  The defendant requested a dismissal.  The
plaintiff argued that a referral letter that was in discovery responses already
served was an expert report.  The referral letter was grossly deficient as an
expert report.  The trial court denied the motion to dismiss and granted an
extension.  The plaintiff served an extended report.  The defendant filed
objections to the extended report and a second motion to dismiss.  The trial
court overruled the objections to the extended report and denied the motion to dismiss. 
The defendant brings an interlocutory appeal.  The majority holds that we have
no jurisdiction to review a trial court’s determination that an extended expert
report is adequate under any circumstance and the defendant waited too long to
bring an interlocutory appeal from the original denial when the trial court
granted an extension to serve a compliant report.  Now the dissent gets its
turn.

The First “Report”

          If the document dated February 22,
2002 and served in the course of discovery on March 11, 2004 is an expert
report as defined by section 74.351(r)(6), I will have to change professions;
but that is not the issue here.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (Vernon Supp. 2005).  To
fully understand where I am going, you really need to see what the plaintiff
contends is the first report.  The full Wroten Report is as follows:

February 22, 2002

 

 

 

Jon Ellis, M.D.

Waco Bone and Joint Clinic

3500 Hillcrest Drive

Waco, Tx 76708

 

Re:          Whitney A. Funderburk

 

Dear Jon:

 

Thank you for asking me to see Whitney A.
Funderburk.  I saw Whitney in the office initially on 2/22/02. She was
accompanied by her mom and dad.  Whitney is a 14-year-old female who is a
middle school student down in Grosbeck, Texas.  On 12/22/01 she was involved in
a four-wheeler accident.  She sustained an injury to her left wrist consisting
of a Salter fracture that was displaced.  She had a fracture through the distal
radial epiphysis with significant dorsal angulation of the distal fragment.  An
attempted reduction was done and then a cast was applied.  There may have been
a little bit of improvement with the reduction, but not a significant amount. 
The reduction was done in Mexia, Texas on 12/22/01.  Apparently she was in a
cast for a month.  She describes a long-arm cast initially and then a short-arm
cast for about three weeks.  Because of continued pain and displacement after
the cast was removed, the family took her to see you in Waco.  You saw her
initially on 2/1/02.  You recommended she see me.

 

When I saw Whitney and her parents in the office
on 2/22/02 it had been about two months since her injury.  Whitney is still
complaining of pain in the wrist.

 

On exam today, she has full mobility of her left
shoulder.  She has full flexion and extension of her left elbow.  She has
normal pronation compared to the uninjured right side, but her supination is
zero.  She has 32 degrees of palmar flexion of the left wrist, 22 degrees of
dorsiflexion, 8 degrees of radial deviation, and 28 degrees of ulnar
deviation.  She has full flexion and extension of the fingers.  There is no
numbness or tingling in the hand, and no atrophy in the upper arm, forearm, or
intrinsic muscles of the hand.  She does have what appears to be a slight
deformity about the left wrist.

 

I obtained x-rays today in the 90:90 view and
compared the left with the right.  She still has significant dorsal
displacement of the fracture fragment seen on the lateral view.  She does have
significant healing present.  The alignment of the radiocarpal joint is not
bad, but there is significant dorsal displacement.  I think some of this is
keeping her from supinating her forearm.

 

This young lady is quite involved in sports and
is very anxious to get back to them.  She is also concerned very much about her
wrist.  While the Funderburks were in the office today, I told them I would
like to review the x-rays that we took today with my associates and get back
with them in a few days.  Further imaging studies may need to be done.  I told
them I did not want to make a snap decision as to whether surgical intervention
should be considered at this point.  I told them I wanted to review the films
myself and then get other consultation and they were all in agreement with
that.

 

Thanks again for your referral.

 

Sincerely,

 

 

 

B.J. Wroten, M.D.

 

 

          This letter was prepared during the
course of treatment of the plaintiff and without regard to this suit.  It was produced
to a hospital defendant as part of a document production by the plaintiff.  At
the hearing on the first motion to dismiss, the plaintiff contended this letter
was an expert report.  Let’s face it; the plaintiff was jammed up with a hard
dismissal date because no report had been filed, the attorney reached into a
hat and pulled out a rabbit – the trial court swallowed hard and cut the
plaintiff some slack and, rather than dismiss the suit, determined that the
Wroten Report was an inadequate expert report and gave the plaintiff the relief
requested, an extension in which to serve a compliant expert report.  This was
an interesting tactic.  If the Wroten Report was an expert report, you would
have expected the response to be that the defendant had waited too long after
the report was served to move for dismissal.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2005) (21 days
to file objections after it is served).  But if this was an expert report …
okay, I’ve said that already.

          So the plaintiff made a calculated
decision and rather than run the risk of having the trial court grant the
dismissal as required if no report was served, the plaintiff waived the
opportunity to assert the defendant’s complaint was untimely and invited the
trial court to err by granting the plaintiff an extension in which to serve a
compliant expert report.  This put the defendant in a procedural posture
probably not contemplated by anyone, ever – that a litigant would be unable to even
identify a document as an expert report.

          But because the trial court granted an
extension in which to serve a compliant report, the defendant was unable to
bring an interlocutory appeal of the trial court’s order.  Tex. Civ.
Prac. Rem. Code Ann. § 51.014(a)(9) (Vernon Supp. 2005) (“an appeal may
not be taken from an order granting an extension under Section 74.351”).

          When the extended report was served within
the extension period, the defendant promptly filed objections and a motion to
dismiss.  The trial court overruled the objections, denied the motion to
dismiss, and determined the report was compliant.  The defendant brings this
interlocutory appeal.

          The majority holds that if a trial
court grants an extension under section 74.351(c), the subsequent determination
of the sufficiency of the extended report cannot be the subject of an
interlocutory appeal.  Their reasoning is that, under section 51.014(a)(10),
there is no interlocutory appeal for a defendant if the plaintiff’s expert
report is determined to be adequate under section 74.351(l).  They acknowledge section
51.014(a)(10) gives the plaintiff the ability to take an interlocutory appeal
if the report is determined to be inadequate.  But they also extrapolate from this
that the defendant is not given the right to bring an interlocutory appeal if
the trial court determines a report is compliant.  And they interpret section
74.351(b) to be applicable only to the total failure to file any report within
120 days and inapplicable to an extended report.  Thus, they have found what
they believe is a statutory gap in the defendant’s ability to bring an
interlocutory appeal of complaints about an expert report.  This is where they
duck the review by interlocutory appeal of any report determined to be an
adequate expert report if it is served after an extension is granted pursuant
to section 74.351(c).  They do this by holding there is no provision in the
Civil Practice and Remedies Code for a defendant to bring an interlocutory
appeal if the extended report is determined to be adequate.  Therein lies the
flaw in their logic, their opinion, and their result.

          The issue here, even viewed from the
majority’s perspective, is under which provision the trial court was proceeding
when it denied the defendant’s motion to dismiss and overruled his objections
to the extended report.  The defendant sought dismissal and made his objections
because a compliant report had not been served as required by section 74.351(a). 
The majority says any report served pursuant to an extension is a report under section
74.351(c).  And, as their logic goes, there is no section in Chapter 51 of the
Civil Practice and Remedies Code to bring an interlocutory appeal under section
74.351(c).

          But a close examination of section
74.351(c) will reveal that a report served pursuant to an extension because the
original report was deficient is, nevertheless, a report being challenged under
section 74.351(b).  This is because when a document has been served,
challenged, and determined deficient, it is as though no expert report has been
served and the trial court can grant one 30 day extension to serve a compliant
report.

          Thus, the challenge to the sufficiency
of an extended report is still a challenge pursuant to section 74.351(b) that
no compliant report has been timely served as required by section 74.351(a). 
And the denial of “all or part of the relief sought by a motion under Section
74.351(b)” by a defendant can be reviewed by interlocutory appeal.  Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(9) (Vernon Supp. 2005).  We know that the trial court determined the
Wroten Report was deficient and, therefore, no compliant report was timely
served.  The trial court gave the plaintiff its one 30 day extension in which
to serve a compliant report.  We also know that at the end of the hearing on
the first motion to dismiss, the trial court told the defendant four times that
it would reconsider the motion to dismiss after the extended report was
“filed.”  The defendant also requested the dismissal of the plaintiff’s case
with prejudice and attorneys fees.  See Academy of Oriental
Medicine, L.L.C. v. Andra, 173 S.W.3d 184, 187 (Tex. App.—Austin 2005, no
pet.) (“A motion challenging the adequacy of an expert report that does not
request the relief set out in section 74.351(b) is a motion for relief under
74.351(l).”).  

          The extended report is thus the
opportunity for the plaintiff to serve a compliant report which is then considered
timely under section 74.351(a).  If the defendant seeks a determination that
the extended report is not compliant, it is seeking a determination under
section 74.351(b) that a compliant report has not been served and is seeking
the relief specified in that subsection.  The legislature provided for an
interlocutory appeal if the defendant is denied the requested relief.  Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(9) (Vernon Supp. 2005).

          I also believe that an interlocutory
appeal from the extended report is the proper time to complain that the trial
court erred in determining that the initial report was an expert report upon
which an extension could be based.  In this case, the Wroten Report is so
clearly not a section 74.351(r)(6) expert report that it cannot support an
extended report.  (The only other alternative is that we go back to determining
this issue by mandamus, a result the legislature was clearly trying to limit by
this legislation.)

          Otherwise, as in this case, the trial
court simultaneously denied a motion to dismiss and granted an extension
request.  As the majority notes, one portion of the interlocutory appeal
provisions would allow the defendant to appeal the denial of the motion to
dismiss.  Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(9) (Vernon Supp. 2005) (“denies all or part of the
relief sought under Section 74.351(b)”).  But the same statute has an exception
that an interlocutory “appeal may not be taken from an order granting an
extension.”  Id.  So to give effect to all parts of the statute, the
exception requires that the defendant must wait and appeal objections to the
extended report, including that there was never a report upon which the
extension could be based.  See Academy of Oriental Medicine,
L.L.C. v. Andra, 173 S.W.3d 184, 188 n. 7 (Tex. App.—Austin 2005, no pet.)
(“…the exception in 51.014(a)(9) clarifies that an interlocutory appeal is only
available when the court had denied a defendant’s motion but had not granted
the plaintiff additional time to cure deficiencies.”)

          We have the jurisdiction to determine
in an interlocutory appeal whether an expert report served pursuant to a 30 day
extension complies with the requirements for an expert report.  A deficient report
that is served after a 30 day extension is the equivalent of no timely served
report and the denial of relief sought pursuant to section 74.351(b) allows the
healthcare provider to bring an interlocutory appeal.  Tex. Civ. Prac. Rem. Code Ann. §51.014(a)(9) (Vernon Supp. 2005).  That interlocutory appeal can challenge whether the report was
prepared by a person qualified as an expert and whether the report meets the requirements
of Texas Civil Practice and Remedies Code section 74.

          The majority errs in dismissing the
interlocutory appeal as to the adequacy of the expert report upon the basis
that an interlocutory appeal is not available to review the denial of a “challenge
to the adequacy of an expert report.”

          If the extended report served after
the grant of an extension is deficient, there is no expert report filed for
purposes of section 74.351(a) and the medical service provider must then bring
a motion to dismiss within 21 days under section 74.351(b).  The denial of the
motion to dismiss after the allegedly defective extended report was served,
simply means that the trial court has determined the extended report is a
timely served report under section 74.351(a) and, thus, the defendant has been
denied relief requested pursuant to section 74.351(b).

          One way to think about it is that the
original deficient report is replaced by the second allegedly deficient report
– and if the second report is indeed deficient, no expert report has been
timely served under section 74.351(a).  Alternatively, it could be viewed as
the 120 day period is tolled until 30 days after the plaintiff gets notice that
the trial court determined the first report is deficient and granted a 30 day
extension.

          Where the majority miscued is
determining that the appeal is pursued because the relief requested by the
defendant under section 74.351(l) was denied.  The relief that was denied was
sought by the defendant under section 74.351(b) and, thus, the interlocutory
appeal is provided for by section 51.014(a)(9).  Whereas the section the
majority relies upon, section 74.351(l), applies whether it is an extended
report or not, and its application is not related to the denial of relief
requested by a defendant.  Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(l) (Vernon Supp. 2005).  It simply tells
the trial court what it must do if it determines a report is not adequate.  And
section 51.014(a)(10) gives the plaintiff the ability to bring an interlocutory
appeal of that determination – that the report is inadequate.  Id. § 51.014(a)(10).

          Because the majority dismisses the
appeal for want of jurisdiction when we should be reviewing the merits of the
issues, I respectfully dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed April 5, 2006









[1]
  I limit the majority’s holding to this
description because this is the scope of the issue as presented in this case. 
Their stated holding is that a defendant has no right of interlocutory appeal
if the court denies the defendant’s challenge to the adequacy of an expert
report because section 51.014(a)(10) only grants the right of interlocutory
appeal to a plaintiff if the trial court grants the relief sought by a
defendant challenging the adequacy of an expert report.  Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(10) (Vernon Supp. 2005).  They do not address why the defendant
cannot bring an interlocutory appeal under section 51.014(a)(9) for the denial
of the relief requested.  Id. § 51.014(a)(9).