IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00235-CV

 

In re
Carl Long

 

and

 

No.
10-06-00239-CV

 

In re
carl long

 

 



Original Proceeding

 



DISSENTING Opinion










 

          The record properly before us in both
proceedings supports only one result.  Both petitions should be denied.  Most
of the majority opinion is necessary to explain why they want to grant the
petitions rather than an analysis to support their ruling on the petitions.  I
note, as I have noted before, that the real party in interest in both petitions
has never been made a party to these proceedings.  I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed March 14, 2007






issues
presented, we will dismiss the appeal for want of jurisdiction.

Background

          Funderburk
filed suit on December 22, 2003.  The 120-day statutory deadline for Funderburk
to serve an expert report on Lewis was April 20, 2004.  See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)
(Vernon 2005).  Lewis filed a motion to dismiss on June 28, 2004.  Id.  § 74.351(b) (Vernon 2005).  The court heard the motion to dismiss on September
30, 2004.  At the hearing, the court denied Lewis’s motion to dismiss and
granted Funderburk’s motion for a 30-day extension.  Id. § 74.351(c)
(Vernon 2005).  The court signed its order memorializing these rulings on
October 29, 2004.

          Funderburk
served an expert report on Lewis on October 29.  Lewis responded on November 12
with: (1) a “Second Motion to Dismiss” alleging that the expert preparing the
October 29 report is not qualified and that his report is otherwise inadequate;
(2) a “Motion for Reconsideration” of the prior ruling on Lewis’s first
dismissal motion; and (3) an “Objection to the Sufficiency of Plaintiff’s
Expert Report” contending that the expert preparing the October 29 report is
not qualified and that his report is otherwise inadequate.

          The court
heard Lewis’s motions on February 4, 2005 and took them under advisement.  The
court signed a written order on March 28, 2005 denying the motions.  Lewis
filed a notice of appeal on April 12, 2005.

Issues Presented

          Lewis contends
in six issues[1]
that: (1) the court abused its discretion by granting Funderburk a thirty-day
extension because no expert report had been served within the 120-day period
mandated by section 74.351(a); (2) the court abused its discretion by granting
a thirty-day extension because the “report” which Funderburk contends was his
initial expert report[2]
did not put Lewis on notice of the claims against him; (3) the court abused its
discretion by permitting Funderburk to cure deficiencies in this initial expert
report with an expert report prepared by a different physician; (4) the court abused
its discretion by denying Lewis’s second dismissal motion premised on the
qualifications of Funderburk’s expert; (5) the court abused its discretion by
denying Lewis’s second dismissal motion premised on the alleged inadequacies of
Funderburk’s expert report; and (6) the court abused its discretion by denying
Lewis’s request for attorney’s fees.

Section 74.351

          In 2003, the
78th Legislature rewrote the medical malpractice laws found in the Medical
Liability and Insurance Improvement Act (former article 4590i) and recodified
them under Chapter 74 of the Civil Practice and Remedies Code.  See George
C. Hanks, Jr. & Rachel Polinger-Hyman, Redefining the Battlefield:
Expert Reports in Medical Malpractice Litigation After HB 4, 67 Tex. B.J. 936, 936 (2004).  Section
74.351 governs the expert report(s) which the plaintiff in a medical
malpractice case must serve on each physician or health care provider named as
a defendant within 120 days after the suit is filed.  See Tex. Civ. Prac. & Rem. Code Ann. § 74.351
(Vernon 2005).

          Section 74.351
has several provisions pertinent to this appeal, including the following:

          (a) 
In a health care liability claim, a claimant shall, not later than the 120th
day after the date the original petition was filed, serve on each party or the
party’s attorney one or more expert reports, with a curriculum vitae of each
expert listed in the report for each physician or health care provider against
whom a liability claim is asserted.  The date for serving the report may be
extended by written agreement of the affected parties.  Each defendant
physician or health care provider whose conduct is implicated in a report must
file and serve any objection to the sufficiency of the report not later than
the 21st day after the date it was served, failing which all objections are
waived.

 

          (b) 
If, as to a defendant physician or health care provider, an expert report has
not been served within the period specified by Subsection (a), the court, on
the motion of the affected physician or health care provider, shall, subject to
Subsection (c), enter an order that:

 

          (1) 
awards to the affected physician or health care provider reasonable attorney’s
fees and costs of court incurred by the physician or health care provider; and

 

          (2) 
dismisses the claim with respect to the physician or health care provider, with
prejudice to the refiling of the claim.

 

          (c) 
If an expert report has not been served within the period specified by
Subsection (a) because elements of the report are found deficient, the court
may grant one 30-day extension to the claimant in order to cure the
deficiency.  If the claimant does not receive notice of the court’s ruling
granting the extension until after the 120-day deadline has passed, then the
30-day extension shall run from the date the plaintiff first received the
notice.

 

          . 
.  .  .

 

(l)  A court shall
grant a motion challenging the adequacy of an expert report only if it appears
to the court, after hearing, that the report does not represent an objective
good faith effort to comply with the definition of an expert report in
Subsection (r)(6).

 

.  .  .  .

 

(r)  In this section:

 

          .  .  .  .

 

          (6) 
“Expert report” means a written report by an expert that provides a fair
summary of the expert’s opinions as of the date of the report regarding
applicable standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards, and the causal
relationship between that failure and the injury, harm, or damages claimed.

 

Id. § 74.351(a)-(c),
(l), (r)(6).                   

Scope of Interlocutory Appeal

          Section 51.014
of the Civil Practice and Remedies Code prescribes the rulings under section
74.351 which may be reviewed by interlocutory appeal.  Section 51.014 provides
in pertinent part that an interlocutory appeal may be brought from an order
that:

·                   
“denies all or part of the
relief sought by a motion under Section 74.351(b), except that an appeal may
not be taken from an order granting an extension under Section 74.351;” or

 

·                   
“grants relief sought by a
motion under Section 74.351(l).”

 

Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(9),
(10) (Vernon Supp. 2005).

          Thus, a
defendant in a medical malpractice suit may bring an interlocutory appeal if
the trial court denies a motion to dismiss and/or a request for attorney’s fees
under section 74.351(b).  See, e.g., Mokkala v. Mead, 178
S.W.3d 66 (Tex. App.—Houston [14th Dist.] 2005, pet. filed); see also Acad.
of Oriental Med., L.L.C. v. Andra, 173 S.W.3d 184, 187 (Tex. App.—Austin 2005,
no pet.).  Though it is not entirely clear where the line is to be drawn
between the denial of a motion to dismiss under section 74.351(b) and the
granting of an extension under section 74.351(c), the defendant is expressly
prohibited from bringing an appeal from an order granting such an extension.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(9); Acad. of Oriental Med., 173 S.W.3d at 187-88
& n.6.

          Conversely,
the plaintiff in a medical malpractice suit may bring an interlocutory appeal
if the court grants a defendant’s challenge to the adequacy[3]
of an expert report under section 74.351(l).  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(10);
Acad. of Oriental Med., 173 S.W.3d at 188.  However, the defendant has
no right of interlocutory appeal under section 51.014(a)(10) if the court denies
the defendant’s challenge to the adequacy of an expert report under section
74.351(l).  See Acad. of Oriental Med., 173 S.W.3d at 188-89; see
also Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex. 2001) (“section 51.014 [must] be strictly construed as ‘a narrow exception to the
general rule that only final judgments and orders are appealable.’”) (quoting Montgomery
County v. Fuqua, 22 S.W.3d 662, 665 (Tex. App.—Beaumont 2000, pet.
denied)).

Perfection of Interlocutory Appeal

          Rules of
Appellate Procedure 26.1(b) and 28.1 govern the perfection of an interlocutory
appeal.  An interlocutory appeal is an accelerated appeal.  Tex. R. App. P. 28.1.

          [I]n
an accelerated appeal, absent a rule 26.3 motion,[4]
the deadline for filing a notice of appeal is strictly set at twenty days after
the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion
for new trial, motion to modify the judgment, motion to reinstate, or request
for findings of fact and conclusions of law will not extend that deadline.

   

In re K.A.F., 160 S.W.3d 923, 927 (Tex. 2005) (footnote
added); see also Tex. R. App. P. 26.1(b),
28.1.

Application

          The trial
court signed its order denying Lewis’s first motion to dismiss on October 29,
2004.  Thus, Lewis’s notice of appeal seeking review of this order was due within
twenty days, on or before November 18.  See Tex. R. App. P. 26.1(b); K.A.F., 160 S.W.3d at 927. 
However, Lewis did not file his notice of appeal until April 12, 2005.  His
“Motion for Reconsideration” did not alter the deadline for filing the notice
of appeal.  See K.A.F., 160 S.W.3d at 927.  Therefore, his notice of
appeal is untimely, and this Court thus does not have jurisdiction to address
his first, second, and sixth issues, which challenge the court’s denial of his
first motion to dismiss and the request therein for attorney’s fees.  Id.

          Lewis’s third,
fourth, and fifth issues challenge the court’s denial of his second motion to
dismiss, which is premised solely on the qualifications of Funderburk’s
“second” expert and the adequacy of his report.  As has been observed however,
a defendant has no right of interlocutory appeal under section 51.014(a)(10) if
the court denies the defendant’s challenge to the adequacy of an expert
report.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(10); Acad. of Oriental Med., 173
S.W.3d at 188-89.  Therefore, this Court does not have jurisdiction to address
Lewis’s third, fourth, and fifth issues.

Accordingly,
the appeal is dismissed.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Appeal dismissed

Opinion delivered and
filed April 5, 2006

[CV06]









[1]
          These six issues are those
listed in the table of contents and presented in the body of Lewis’s brief.  See
Tex. R. App. P. 38.1(b).  The
issues are posited somewhat differently in the “Statement of Issues Presented”
on page viii of his brief.  Id. 38.1(e).





[2]
          At the September 2004 hearing,
Funderburk’s counsel argued that she had in fact secured an expert report from
a physician and served it on Lewis via discovery.  This purported initial
“expert report” is a letter from one physician to another briefly reviewing the
history of Funderburk’s injury and treatment and thanking him for the referral.





[3]
          A challenge to the adequacy of
an expert report under section 74.351(l) requires the court to determine
whether the challenged report “represent[s]          an objective good faith effort to comply with the
definition of an expert report in Subsection (r)(6).”  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(l)
(Vernon 2005).  Because subsection (r)(6) defines an “expert report” as “a
written report by an expert” and because the term “expert” is defined by
subsection (r)(5), we conclude that a challenge under section 74.351(l)
may be urged against not only the substance of the expert’s report but also the
expert’s qualifications.  See id. § 74.351(r)(5), (6) (Vernon 2005).





[4]
          The time for filing the notice
of appeal may be extended if an extension of time to file the notice of appeal
is timely requested or implied under Rule of Appellate Procedure 26.3.  See
Tex. R. App. P. 26.3; In re
K.A.F., 160 S.W.3d 923, 927 (Tex. 2005); In re K.M.Z., 178 S.W.3d 432,
433-34 (Tex. App.—Fort Worth 2005, no pet.); In re B.G., 104 S.W.3d 565,
567 (Tex. App.—Waco 2002, order, no pet.) (per curiam).  However, there has
been no express or implied extension request in this case.