# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00057-CV

**Kristen Kocurek, M.D., and Texas MedClinic, Appellants**

**v.**

**Anthony D. Colby, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
## NO. D-1-GN-12-000186, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Kristen Kocurek, M.D., and Texas MedClinic appeal from the trial court's denial of their motion to dismiss appellee Anthony D. Colby's[1] suit for medical malpractice based on Colby's alleged failure to provide an adequate expert report as required by chapter 74 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 74.351. We will reverse the trial court's judgment and remand for dismissal and a determination of attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Colby was under Kocurek's care for approximately two months after sustaining injuries on the job; his primary medical complaints were numbness and pain in his left hip and tingling in his right hand. According to Colby, Kocurek performed no physical examination on him

---

[1] Colby represents himself in this appeal as he did in the trial court proceedings.

and instead had only oral conferences with him. Further, Kocurek indicated to him orally that she would refer him to a specialist, but never did.

After receiving treatment from Kocurek, Colby moved out of state and transferred his care to an orthopedic specialist there. Shortly thereafter, however, Colby returned to see Kocurek, claiming new symptoms. According to Colby's petition, at that visit Kocurek again failed to examine him physically, ignored his symptoms, and displayed an inappropriate demeanor toward him.

Colby filed suit against Kocurek and Texas MedClinic,[2] alleging departures from accepted standards of medical care that proximately resulted in injuries to him. Colby alleged that Kocurek failed to meet the applicable standards of care in failing to (1) perform a thorough examination of him; (2) secure appropriate treatment for him; (3) properly diagnose and treat him; (4) refer him to or consult with a specialist; and (5) monitor his condition. Colby also made a claim for fraudulent misrepresentation/common-law fraud relating to Kocurek's documentation of his injuries and treatment. In addition, Colby claimed that Kocurek's actions caused (1) a pinched nerve in his right hand to become entrapped, (2) his left hip to develop bursitis and soft-tissue nerve damage, (3) limited range of motion in his hip, as well as constant pain and nerve damage that will worsen with age, and (4) a need for surgery in his right hand due to numbness, tingling, and serious pain.

After filing suit, Colby served appellants with the expert report of Dr. Ronald Devere, a neurologist, to comply with the expert-report requirement of section 74.351 of the Texas Civil

---

[2] Colby's claims against Texas MedClinic were solely for vicarious liability arising from Kocurek's actions.

Practice and Remedies Code. *See id*. Appellants then filed a motion to dismiss the suit, claiming that Devere's expert report failed to satisfy the statutory elements under section 74.351. After a hearing, the trial court agreed with appellants that Devere's expert report was deficient, but granted Colby a 30-day extension to cure the deficiencies. In response to the trial court's ruling, Colby served appellants with an amended report from Devere. Appellants again filed a motion to dismiss, contending that Devere's amended report remained deficient. After a hearing, the trial court denied appellants' motion to dismiss.[3] Appellants then filed this interlocutory appeal. *See id*. § 51.014(a)(9).

## ANALYSIS

### Jurisdiction

In response to appellants' appeal, Colby contends that this Court lacks jurisdiction over the appeal. Colby appears to argue that once a trial court grants a 30-day extension for a plaintiff to file an amended report and the plaintiff files an amended report, no appeal may be taken with regard to the trial court's ruling on the adequacy of the amended report. Colby argues that, in any event, a party may not appeal the denial of a motion to dismiss relating to the *adequacy* of the expert report. In support of his argument, Colby relies on this Court's opinion in *Academy of Oriental Med., L.L.C. v. Andra*, 173 S.W.3d 184 (Tex. App.—Austin 2005, no pet.). Our opinion in *Andra*, however, does not support Colby's position. In *Andra*, the defendant filed an interlocutory appeal of a denial of a motion to strike an expert report, not a motion to dismiss as in this case. *Id.*

---

[3] The trial judge who denied appellants' motion to dismiss Devere's amended expert report was not the same trial judge who ruled that Devere's expert report was deficient in the context of appellants' first motion to dismiss.

at 186.  Because of the unique procedural posture in the *Andra* case, we concluded that the motion for relief was a motion under section 74.351(*l*), for which there is no provision for an interlocutory appeal when denied.  *Id.* at 189; *see* Tex. Civ. Prac. & Rem. Code § 51.014(a)(10) (allowing interlocutory appeal of order granting relief under section 74.351(*l*)).  That is not the type of motion appellants filed in this case.

Appellants filed a motion to dismiss and request for attorneys' fees under section 74.351(b).  *See* Tex. Civ. Prac. & Rem. Code § 74.351(b) (providing that physician provider may move to dismiss when sufficient expert report not served and 120-day deadline has expired).  The denial of a motion to dismiss and request for attorneys' fees under section 74.351(b) is subject to interlocutory appeal under section 51.014(a)(9) of the Texas Civil Practice and Remedies Code. *Lewis v. Funderburk*, 253 S.W.3d 204, 208 (Tex. 2008).  Colby's jurisdictional complaint is overruled, and we now turn to the merits of this appeal.

**Sufficiency of Expert Report**

In a health-care-liability claim, a claimant must provide each defendant with an expert report and curriculum vitae for each expert within 120 days of filing suit.  Tex. Civ. Prac. & Rem. Code § 74.351(a).  The expert report must summarize the expert's opinions "regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed."  *Id.* § 74.351(r)(6).  After an expert report is filed, the defendant may object to the sufficiency of the report and move to dismiss the plaintiff's claims.  *See id*. § 74.351(a), (b). In two appellate issues, appellants contend that the trial court abused its discretion in denying their

4

motion to dismiss because (1) Devere is not a qualified expert to provide a report in this case, and (2) Devere's report is conclusory with regard to the element of causation. We will begin with analysis of whether Devere's report adequately demonstrates causation.

When a party challenges the adequacy of an expert report, the trial court should sustain the objection only if it determines that the report does not represent an "objective good faith effort to comply with the definition of an expert report." *Id.* § 74.351(*l*). To constitute a good-faith effort, the report must inform the defendant of the specific conduct called into question and provide a basis for the trial court to determine whether the claims have merit. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001). A report does not fulfill these purposes if it fails to address the standard of care, breach of the standard of care, and causation, or if it merely states the expert's conclusions regarding these elements. *Id.* The expert must link his conclusions to the facts of the case. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). We review a trial court's denial of a motion to dismiss under section 74.351 under an abuse-of-discretion standard. *Palacios*, 46 S.W.3d at 878. However, "if an expert report contains only conclusions about the statutory elements, the trial court has 'no discretion but to conclude . . . that the report does not represent a good-faith effort' to satisfy the statute." *Smith v. Wilson*, 368 S.W.3d 574, 577 (Tex. App.—Austin 2012, no pet.) (quoting *Palacios*, 46 S.W.3d at 877, 880). To perform its review, the trial court must look only to the four corners of the report itself. *Palacios*, 46 S.W.3d at 878.

Devere's eight-page report contains a paragraph on his qualifications, lists the issues he is reviewing and the materials used in that review, and states the background facts. The report

5

then turns to a discussion of the standards of care for Kocurek's treatment of Colby and a discussion applying those standards of care to the facts presented. Finally, it contains a conclusion section. The report contains some detail of Colby's complaints, the standards of care applicable to those complaints, and an opinion as to whether Kocurek breached the applicable standards of care. Devere's report, however, contains nearly no discussion of causation to link Colby's alleged harm to Kocurek's actions.

Looking only to the four corners of the report, the following are the only statements from Devere's report that could potentially be considered as touching on causation:

- "Based on Dr. Kocurek's failure to act, secure treatment and properly execute a referral for Mr. Colby, his condition has worsened and he has suffered tremendously and unnecessarily." (from Background Facts section of report)

- "By not making this referral [to a specialist], Defendant, Dr. Kocurek, deceived Mr. Colby, created anxiety in Mr. Colby by making him think that a referral to a specialist was coming when it was not and resulted in a delay in Mr. Colby receiving any needed care, treatment or therapy that might have been recommended by a specialist, if that referral had been made." (from Application of Standard of Care section)

- "In my expert opinion, the Defendant violated the applicable standard of care for physician's [sic] operating in the State of Texas based on the reasons mentioned above. Based on her actions or failures to act, Mr. Colby suffered and her actions or failures to act were a direct cause of worsening pain and numbness to Mr. Colby. Her violations of the standard of care resulted in a delay of Mr. Colby receiving appropriate care for his injuries, and the worsening of his symptoms." (from the Conclusion section)

- "Based on these worsening injuries, Mr. Colby has endured and will continue to endure significant pain, numbness and incapacity until he can receive the appropriate treatment to correct these conditions." (from the Conclusion section)

6

The issue is whether these statements, which appear to be the only attempts made at establishing causation in Devere's report, are sufficient to meet the requirements of section 74.351. We conclude they are not.

The problem with Devere's report is that it fails to show, within its four corners, what specific actions Kocurek did or did not take, or could have taken, that would have prevented Colby's symptoms or injuries. *See* Tex. Civ. Prac. & Rem. Code § 74.351(r)(5) (expert report must include "fair summary" or expert's opinion as to "causal relationship" between medical defendant's failure to meet standard of care and injury). Nowhere in the report does Devere actually state what specific violation of which standard of care led to a particular health problem of Colby's. The report lists five standards of care that Kocurek allegedly violated in her treatment of Colby and the specific ways Devere believes Kocurek violated those standards of care. Devere, however, did not provide facts that would explain a causal link between any of those alleged breaches of the standards of care to any one of Colby's injuries.

An expert report must explain, to a reasonable degree, how and why the alleged breach caused the injury based on the facts presented. *See Jelinek v. Casas*, 328 S.W.3d 526, 539-40 (Tex. 2010). The closest Devere's report comes to providing a causal link is in his statement that "[b]ased on [Kocurek's] actions or failures to act, Mr. Colby suffered and [Kocurek's] actions or failures to act were a direct cause of worsening pain and numbness to Mr. Colby. Her violations of the standard of care resulted in a delay of Mr. Colby receiving appropriate care for his injuries, and the worsening of his symptoms." This statement, however, never identifies which breach of which standard of care by Kocurek led to a worsening of Colby's pain and numbness. Further, the

7

statement fails to identify how any specific injury sustained by Colby would have been prevented or lessened had he received "appropriate care" sooner. Devere's statement that referring Colby to a specialist might have made a difference in Colby's condition—"treatment or therapy that might have been recommended by a specialist, if that referral had been made"—amounts to nothing more than speculation. *See id.* at 539 (concluding that statement in expert report that breach of standard of care "in reasonable medical probability resulted in [injury]" was insufficient). The report does not explain what treatment or therapy a specialist would have provided had Colby been referred earlier or how such treatment or therapy would have prevented Colby's injuries. As a result, the statements in Devere's report regarding causation amount to "no more than a bare assertion that [Kocurek's] breach resulted in increased pain and suffering." *See id.* at 540.

This Court has consistently required more than what Devere has provided in terms of expert testimony on causation in the context of section 74.351. *See Smith*, 368 S.W.3d at 577-78 (holding that expert report failed to show how doctor's alleged breach of standard of care caused patient to commit suicide); *Constancio v. Bray*, 266 S.W.3d 149, 157-58 (Tex. App.—Austin 2008, no pet.) (holding that expert report that alleged that breach of standard of care by doctor caused patient's death is insufficient when report did not explain how increased monitoring of patient, detection of hypoxemia, and other actions would have prevented patient's death); *Perez v. Daughters of Charity Health Servs. of Austin*, No. 03-08-00200-CV, 2008 WL 4531558, at *4 (Tex. App.—Austin Oct. 10, 2008, no pet.) (mem. op.) (concluding expert report insufficient on causation because it did not link hospital's actions to patient's death or any cause of death and did not identify any specific injury that would have been prevented had hospital complied with standard of care).

8

To find Devere's report sufficient on causation, we would have to make inferences from beyond the four corners of his report; this we are not allowed to do.

Based on the record before us and the four corners of the expert report, we are left with no choice but to conclude that the report does not provide an adequate causal link between Kocurek's alleged shortcomings and Colby's symptoms or injuries. Because the report is insufficient as to Kocurek, it is also insufficient as to Texas MedClinic, which Colby sued solely on the basis of its alleged vicarious liability for Kocurek's actions. *See Smith*, 368 S.W.3d at 579. Accordingly, we sustain the appellants' second issue on appeal.[4]

## CONCLUSION

We reverse the trial court's order denying appellants' motion to dismiss. We remand the cause to the trial court for a determination of attorneys' fees, *see* Tex. Civ. Prac. & Rem. Code § 74.351(b), and for entry of a final order dismissing Colby's claims against appellants.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Reversed and Remanded

Filed:  August 22, 2014

_____

[4] Because appellants' second issue is dispositive of this appeal, we need not reach appellants' first appellate issue challenging the trial court's conclusion that the expert report adequately demonstrated Devere's qualifications as an expert.

9