**Motion Granted; Appeal Dismissed and Memorandum Opinion filed April 14, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-01032-CV

**EMMA E. DU BOIS, INDIVIDUALLY AND IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF DORA MILLER DU BOIS, DECEASED, Appellant**

**V.**

**MUHAMMAD IRFAN, M.D., AND ABBAS LOKHANDWALA, M.D., Appellees**

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2014-73434**

## M E M O R A N D U M   O P I N I O N

This attempted appeal is from an order signed November 16, 2015, granting motions to dismiss filed by appellees pursuant to section 74.351(b) of the Texas Civil Practices and Remedies Code. On March 1, 2017, we informed the parties the court would consider dismissal of the appeal on its motion for want of jurisdiction

on the ground that the order being appealed was not a final, appealable judgment. Appellee filed a response to our notification on March 8, 2016. On March 17, 2017, appellees filed a motion to dismiss for lack of jurisdiction.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is entered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

In her response, appellant claims section 51.014(a)(10) allows her to bring this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(10). Section 51.014(a) of the Texas Civil Practices and Remedies Code provides that an appeal may be brought from an interlocutory order that:

> (9) denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351;
>
> (10) grants relief sought by a motion under Section 74.351(l);

 "Because section 51.014's authorizing of interlocutory appeals is a narrow exception to the general rule that only final judgments and orders are appealable, we must strictly construe it." *Academy of Oriental Medicine, L.L.C. v. Andra,* 173 S.W.3d 184,186 (Tex. App.—Austin 2008, no pet.). In this case, the trial court granted relief sought by a motion under Section 74.351(b). We lack jurisdiction over an interlocutory appeal of such an order because it is neither an order denying relief sought by a motion under 74.351(b), nor one granting relief sought by a motion under section 74.351(l). *Id.*; *see also Osborne v. Rowe*, 2015 WL 6556298 (Tex. App.—Ft. Worth 2015, no pet.) (mem. op.).

Accordingly, appellees' motion is granted and the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Busby, Donovan, and Brown.