

# NUMBER 13-18-00645-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GABRIEL MIRANDA, JR., DECEASED,
MARIA FUENTES,
GABRIELMIRANDA, SR.,
ALEXANDRIA SUZANNE DELEON,
REUBEN ANTONIO DELEON, III
AND JON HIDALGO DOE,                                       Appellants,

v.

NORMA JEAN FARLEY, M.D.,                                    Appellee.

On appeal from the 398th District Court of
Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

This attempted appeal is from an order signed August 21, 2018, granting a motion

to dismiss filed by appellee pursuant to section 74.351(b) of the Texas Civil Practices and

Remedies Code. On March 4, 2019, appellee filed a motion to dismiss for lack of jurisdiction on the ground that the order being appealed was not a final, appealable judgment. Appellants filed a response to appellee's motion on April 1, 2019.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is entered unless a statutory exception applies. *Id.* at 205 (stating that "when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.").

In their response, appellants claim section 51.014(a)(9) allows the filing of this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West, Westlaw 2017 through 1st C.S.). Section 51.014(a)(9) of the Texas Civil Practices and Remedies Code provides that an appeal may be brought from an interlocutory order that:

> (9)     denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351;

*Id.* Appellants also argue that section 51.014(a)(7) and (8) allow for an interlocutory appeal under these circumstances. *See id.* §§ 54.014(a)(7),(8) (West, Westlaw 2017 through 1st C.S.). Section 51.014(a)(7) and (8) of the Texas Civil Practice and Remedies Code provides that an appeal may be brought from an interlocutory order that:

> (7)     grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, except in a suit brought under the Family Code;

> (8)     grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001;

*Id.* "Because section 51.014's authorizing of interlocutory appeals is a narrow exception to the general rule that only final judgments and orders are appealable, we must strictly construe it." *Academy of Oriental Medicine, L.L.C. v. Andra,* 173 S.W.3d 184,186 (Tex. App.—Austin 2008, no pet.). In this case, the trial court granted relief sought by a motion under Section 74.351(b). We lack jurisdiction over an interlocutory appeal of such an order because it is neither an order *denying* relief sought by a motion under 74.351(b), nor one granting relief sought by a motion under section *74.351(l)*. *Id.*; *see also Du Bois v. Irfan*, No. 14-15-01032-CV, 2016 WL 1533746, at *1 (Tex. App.—Houston [14th Dist.] Apr. 14, 2016, no pet.) (mem. op.).

Accordingly, appellee's motion is granted and the appeal is ordered dismissed. All remaining pending motions are dismissed as moot.

NORA L. LONGORIA
Justice

Delivered and filed the
18th day of April, 2019.

3