IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0502
════════════
 
Jan N. Ogletree, M.D. and Heart Hospital of Austin, 
Petitioners,
 
v.
 
Nancy Kay Matthews and Luann 
Matthews, 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Third District of 
Texas
════════════════════════════════════════════════════
 
Argued April 10, 
2007
 
 
Chief Justice Jefferson delivered the opinion of the 
Court.
 
Justice Willett filed a concurring opinion.
            

            
The Civil Practice and Remedies Code requires a 
health care liability claimant to serve expert reports on providers within 120 
days after filing suit. If the claimant does not serve the report within 120 
days, the trial court must grant the affected party’s motion to dismiss the 
claim, and the failure to do so is subject to interlocutory appeal. If, however, 
the claimant’s report is timely but deficient, the trial court may grant a 
single, thirty-day extension to cure that deficiency, and the order granting 
that extension may not be appealed. We must decide whether a defendant may 
immediately appeal when a trial court both denies a motion to dismiss and grants 
the claimant a thirty-day extension to cure expert reports that, although served 
timely, are deficient. We conclude that the statute prohibits such an 
appeal.
 
I
Factual and 
Procedural Background
 
            
Eighty-four-year-old John Burke Matthews was admitted to Heart 
Hospital of Austin on September 27, 2002. Several days into his hospitalization, 
Dr. Jan Ogletree, a 
urologist, performed a urinary catheterization procedure on Mr. Matthews. Dr. 
Ogletree is alleged to have inserted the catheter 
negligently, causing Mr. Matthews to suffer traumatic bruising, bladder 
perforation, and acute renal failure. Mr. Matthews died on October 7, 2002. 
            
Plaintiffs Nancy Kay Matthews and Luann Matthews brought a health care 
liability claim against Dr. Ogletree and Heart 
Hospital of Austin complaining of Mr. Matthews’s medical care. Pursuant to Texas 
Civil Practice and Remedies Code section 74.351, the plaintiffs timely filed 
expert reports from: (1) Dr. Richard Karsh, a 
radiologist; (2) nurse Alexandria Burwell; and (3) nurses Marilyn Bignell and Walli Carranza. Tex. Civ. 
Prac. & Rem. Code § 
74.351(a). Dr. Karsh’s report was 
directed solely to Dr. Ogletree’s care (although it 
did not mention him by name). Dr. Karsh noted that Mr. 
Matthews’s x-rays showed “major extravasation of 
contrast, almost certainly representing a very significant bladder perforation. 
. . . [I]t is not even certain (from an x-ray standpoint) that the Foley 
catheter is in the bladder.” He continued:
 
In my 
opinion (but I would have to defer to a urologist on this) given the inability 
of the nursing staff to pass the Foley catheter into the bladder and the 
necessity for the urologist to utilize a stiff metallic “wire” to traverse the 
urethra, such manipulation and catheterization should have been performed under 
fluoroscopic guidance. Had that been done the perforation might well have been 
avoided but certainly could have diagnosed [sic] at the outset, with the 
likelihood of a smaller tear having resulted.
 
If not 
recognized in a timely manner, such a tear could lead to long-term problems, 
including bladder (or, if a urethral tear, urethral) dysfunction, infection, 
etc. It is apparent that a cystogram was performed shortly after the catheterization, although the 
exact timetable is unclear; nor do I have records to determine whether or not 
the response of the physician to the tear was appropriate. (Of course, those 
might be best reviewed by a urologist.)
 
 
The nurses’ 
reports were directed primarily to the care provided by the nursing staff at the 
hospital, although they outlined various alleged failures by Dr. Ogletree to adhere to the standard of care as well. 
            
Dr. Ogletree timely objected to the sufficiency 
of the expert reports and moved to dismiss the case. Dr. Ogletree asserted that a radiologist was incapable of 
opining on a urologist’s standard of care and that no 
curriculum vitae was attached to the expert report as the statute requires. 
Tex. Civ. Prac. & 
Rem. Code § 74.351(a). 
Dr. Ogletree also complained that the nurses’ reports 
did not satisfy chapter 74's requirement that an expert testifying against a 
physician must be “practicing medicine,” id. § 74.401(a)(1), something nurses may not do, Tex. Occ. Code § 301.002(2). 
            
The hospital did not object to the reports within the statutory 
twenty-one day period, but moved to dismiss nonetheless. Tex. Civ. Prac. & Rem. 
Code § 74.351(a). The 
hospital contended that because the nurses’ reports lacked a physician’s opinion 
on causation, they were, as expert reports, not merely deficient, but 
nonexistent. Because its motion to dismiss was based on the “nonexistence” of an 
expert report, rather than a complaint about the report’s sufficiency, the hospital contends that no objection 
was required. 
            
The trial court found that the radiologist’s report was deficient, denied 
Dr. Ogletree’s motion to dismiss, and granted the 
plaintiffs a thirty-day extension to cure deficiencies. See Tex. Civ. Prac. & Rem. 
Code § 74.351(c). The 
court also denied the hospital’s motion, finding that the nurses’ reports 
implicated the hospital’s conduct and that the hospital’s failure to timely 
object to the reports’ sufficiency within twenty-one days waived any objection. 
Dr. Ogletree and the hospital brought an interlocutory 
appeal of the trial court’s order. See Tex. Civ. Prac. & Rem. Code § 
51.014(a)(9). 
            
The court of appeals held that it lacked jurisdiction over Dr. Ogletree’s appeal because the trial court’s denial of his 
motion to dismiss was coupled with the grant of an extension to cure the 
deficient reports. 212 S.W.3d 331, 334-335. The court 
reasoned that Dr. Ogletree could not sever the denial 
of the motion to dismiss from the grant of the extension and concluded that 
permitting an appeal to the denial would negate the statutory language 
prohibiting an appeal from an order granting an extension. Id. As to the 
hospital, the court of appeals held that the hospital waived its objections to 
any deficiencies in the report and affirmed the trial court’s order denying the 
motion to dismiss. Id. at 
336. We granted the petitions for review.[1] 50 Tex. Sup. Ct. J. 
447 (Feb. 26, 2007).
 
II
Discussion
 
            
In 2003, the Legislature amended the statutes governing health care 
liability claims. Act of June 2, 2003, 78th Leg., R.S. ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 864. As amended, 
Texas Civil Practice and Remedies Code section 74.351 provides that, within 120 
days of suit, a plaintiff must serve expert reports for each physician or health 
care provider against whom a liability claim is asserted. Tex. Civ. Prac. & Rem. 
Code § 74.351(a). These 
reports must identify the “applicable standards of care, the manner in which the 
care rendered by the physician or health care provider failed to meet the 
standards, and the causal relationship between that failure and the injury, 
harm, or damages claimed.” Tex. Civ. 
Prac. & Rem. Code § 74.351(r)(6). If a 
plaintiff does not serve a timely report, a trial court “shall” grant the 
defendant’s motion to dismiss the case with prejudice. An order that denies all 
or part of the relief sought in such a motion may be immediately appealed. Tex. Civ. Prac. & Rem. Code §§ 
51.014(a)(9) (authorizing interlocutory appeal from 
order that “denies all or part of the relief sought by a motion under Section 
74.351(b)”), 74.351(b). But if a report is served, “[e]ach defendant physician 
or health care provider whose conduct is implicated . . . must file and serve 
any objection to the sufficiency of the report not later than the 21st day after 
the date it was served, failing which all objections are waived.” Id. § 
74.351(a). Finally, “[i]f an expert report has 
not been served within [120 days] because elements of the report are found 
deficient, the court may grant one 30-day extension to the claimant in order to 
cure the deficiency,” id. 
§ 74.351(c), and that decision may not be appealed, id. § 
51.014(a)(9) (“an appeal may not be taken from an order 
granting an extension under Section 74.351”).
 
A
Deficient 
Reports
 
            
Dr. Ogletree argues that as a radiologist, Dr. 
Karsh may not opine on a 
urologist’s standard of care and, therefore, no report was served that met the 
statutory definition of an “expert report.” See Tex. Civ. Prac. & Rem. 
Code § 74.401. Because 
no “report” was served, he contends the trial court had no discretion to grant a 
thirty-day extension, and that its denial of the motion to dismiss should 
therefore be immediately appealable.
            
That is not how the Legislature drafted the statute, however. As the 
court of appeals noted, the predecessor statute allowed a discretionary 
thirty-day extension for good cause and a mandatory thirty-day “grace period” 
upon a showing that the failure to file a conforming report was due to accident 
or mistake and was not intentional or due to conscious indifference. 212 S.W.3d 
at 333 n.4 (citing former Tex. Rev. Civ. Stat. art. 4590i, 
§ 13.01). The 2003 amendments, on the other hand, created a statute of 
limitations type deadline within which expert reports must be served. If no 
report is served within the 120 day deadline provided by 74.351(a), the 
Legislature denied trial courts the discretion to deny motions to dismiss or 
grant extensions, and a trial court’s refusal to dismiss may be immediately 
appealed. Tex. Civ. Prac. & Rem. Code § 74.351(b) 
(stating that a trial court “shall” dismiss a claim when expert reports are not 
served within 120 days); Tex. Civ. Prac. & Rem. Code § 
51.014(a)(9) (authorizing interlocutory appeal of the 
denial of a motion to dismiss filed under 74.351(b)). This strict 120-day 
deadline can lead to seemingly harsh results. See, 
e.g., Thoyakulathu v. Brennan, 192 
S.W.3d 849, 856 (Tex. App.—Texarkana 2006, no pet.) (holding that expert 
report had not been served when plaintiff filed the report but failed to serve 
it on the doctor due to facsimile error); Garcia v. Marichalar, 185 S.W.3d 70, 73 (Tex. App.—San Antonio 
2005, no pet.) (finding that plaintiff’s expert report 
that mentioned other providers but not Garcia was in effect no report as to 
Garcia and concluding that an extension was, therefore, improper). Nonetheless, 
the Legislature imposed the deadline as part of its effort to “reduce excessive 
frequency . . . of health care liability claims.” Act of June 2, 2003, 78th 
Leg., R.S., ch. 204, § 10.11(b)(3), 2003 Tex. Gen. Laws 847, 884. 
            
 But while the 2003 amendments were intended to decrease claims, 
they do not mandate dismissal for deficient, but curable, reports. See 
Tex. Civ. Prac. & Rem. Code § 
74.351(c)(stating that “[i]f an expert report has not 
been served within [120 days] because elements of the report are found 
deficient, the court may grant one 30-day extension to the claimant in order to 
cure the deficiency”); Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11(b)(1), (3), 2003 Tex. Gen. Laws 847, 884 
(amendment’s goal was to reduce claims but to “do so in a manner that will not 
unduly restrict a claimant’s rights any more than necessary to deal with the 
crisis”). Indeed, the Legislature recognized that not all initial timely served 
reports would satisfy each of the statutory criteria. As a result, the 
amendments explicitly give trial courts discretion to grant a thirty-day 
extension so that parties may, where possible, cure deficient reports. Tex. Civ. Prac. & Rem. 
Code § 
74.351(c). In this important respect, a 
deficient report differs from an absent report.[2] Thus, even when a report is deemed not 
served because it is deficient, the trial court retains discretion to grant a 
thirty-day extension, and the Legislature explicitly stated that such orders are 
not appealable. Tex. Civ. Prac. & Rem. Code §§ 
74.351(c); 51.014(a)(9); see also In re Woman’s 
Hosp. of Texas, Inc., 141 S.W.3d 144, 149 (Tex. 2004) (Owen, J., concurring 
in part and dissenting in part to denial of mandamus) (noting that the 2003 
amendments made it “plausible, even likely. . .that the Legislature intended to 
narrow existing law in order to eliminate interlocutory review when a 
trial court granted a 30-day extension”).
            
This prohibition is both logical and practical. If Dr. Ogletree’s position were correct, a defendant would be 
entitled to immediately appeal a trial court’s order denying dismissal any time 
a report failed to meet strict statutory guidelines, even though the statute 
permits a plaintiff to cure defects of that nature. We decline to read section 
74.351 so narrowly. If a defendant could immediately (and prematurely) appeal, 
the court of appeals would address the report’s sufficiency while its 
deficiencies were presumably being cured at the trial court level, an illogical 
and wasteful result. Moreover, because the Legislature authorized a single, 
thirty-day extension for deficient reports, health care providers face only a 
minimal delay before a report’s sufficiency may again be challenged and the case 
dismissed, if warranted. 
            
Thus, if a deficient report is served and the trial court grants a thirty 
day extension, that decision—even if coupled with a denial of a motion to 
dismiss—is not subject to appellate review. That is precisely the situation we 
face here. Dr. Ogletree urges that the trial court’s 
denial of his motion to dismiss and the order granting an extension are 
severable and that he is appealing only the denial of his motion to dismiss. We 
disagree. 
            
Like the court of appeals, we conclude that, when a report has been 
served, the actions denying the motion to dismiss and granting an extension are 
inseparable. 212 S.W.3d at 334. The statute plainly 
prohibits interlocutory appeals of orders granting extensions, and if a 
defendant could separate an order granting an extension from an order denying 
the motion to dismiss when a report has been served, section 51.014(a)(9)’s ban 
on interlocutory appeals for extensions would be meaningless. We do not think 
the Legislature contemplated severing the order denying the motion to dismiss 
from the order granting the extension when it expressly provided that orders 
granting extensions were not appealable on an 
interlocutory basis. 
            
Because a report that implicated Dr. Ogletree’s 
conduct was served and the trial court granted an extension, the court of 
appeals could not reach the merits of the motion to dismiss. We conclude that 
the court of appeals correctly determined it lacked jurisdiction over Dr. Ogletree’s appeal.
 
B
Waiver of Objections
 
            
Under section 74.351(a), “[e]ach defendant physician or health care 
provider whose conduct is implicated in a report must file and serve any 
objection to the sufficiency of the report not later than the 21st day after the 
date it was served, failing which all objections are waived.” Tex. Civ. Prac. & Rem. Code § 
74.351(a) (emphasis added). The hospital admits that it did not object to the 
report within the twenty-one days allowed by statute but claims it had no duty 
to do so because, in effect, no report had been served due to the absence of a 
physician’s opinion on causation. See Tex. Civ. Prac. & Rem. Code § 
74.351(r)(6). 
            
But the nurses’ reports served on Heart Hospital are directed explicitly to the 
hospital and clearly implicate its conduct. Both parties now agree that the 
nurses’ reports were sufficient as to the standard of care and breach of that 
standard at the hospital. And as the court of appeals noted, the hospital’s 
motion to dismiss contested the sufficiency of those reports—the motion claimed 
that the reports did not explain: 1. the applicable standard of care; 2. how the 
hospital breached the standard of care; 3. how any breach harmed Mr. Matthews; 
and 4. that the nurses were not qualified to render an opinion as to causation 
under the statute. These objections are directed to the reports’ sufficiency, 
and they could have been urged within the statutory twenty-one day period, as 
the statute clearly requires. Tex. Civ. 
Prac. & Rem. Code § 74.351(a) (requiring each health care provider 
whose conduct is implicated in a report to serve “any objection to the 
sufficiency of the report not later than the 21st day after the date it was 
served, failing which all objections are waived”) (emphasis added). 
Because the hospital did not object within the twenty-one day period, its 
objections were waived, and the trial court correctly denied its motion to 
dismiss.
 
III
Conclusion
 
            
No interlocutory appeal is permitted when a served expert report is found 
deficient and an extension of time granted. We agree with the court of appeals’ 
conclusion that a denial of a motion to dismiss cannot be severed from the grant 
of an extension when a deficient report has been served, and the court of 
appeals correctly determined that it lacked jurisdiction over Dr. Ogletree’s appeal. We also agree with the court of appeals’ 
determination that Heart Hospital waived its objections to the 
plaintiffs’ expert reports. We affirm the court of appeals’ judgment. Tex. R. App. P. 60.2(a).
 
            
______________________________
Wallace B. 
Jefferson
Chief Justice 

 
OPINION 
DELIVERED:     November 30, 2007






[1] 
Texas 
appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal. 
Jack B. Anglin Co., Inc. v. 
Tipps, 842 S.W.2d 266, 272 (Tex. 1992). Here, the court of appeals 
concluded it lacked jurisdiction over Dr. Ogletree’s 
appeal, and we have jurisdiction to determine whether that conclusion was 
correct. Tex. Dep’t of 
Criminal Justice v. Simons, 140 S.W.3d 338, 343 (Tex. 2004). 


[2] 
We recognize that section 74.351’s language is somewhat confusing, as the 
statute uses the phrase “has not been served” to refer both to deficient and 
absent reports. Compare § 74.351(b) (trial court shall dismiss if expert 
report “has not been served”) with 74.351(c) (if report “has not been 
served . . . because elements of the reports are found deficient,” trial court 
may grant extension). Several courts of appeals have held that the statute 
permits interlocutory appeals of denied motions to dismiss coupled with 
extension grants when there is an absence of a report, rather than a report that 
implicated a provider’s conduct but was somehow deficient. See Packard 
v. Miller, 2007 WL 1662279, *2 (Tex. App.—Amarillo 2007, no pet. h) (finding 
jurisdiction and holding that the trial court abused its discretion in granting 
an extension when no report was filed); Valley Baptist Med. Ctr. v. Azua, 198 S.W.3d 810, 815 (Tex. App.—Corpus Christi 
2006, no pet.) (holding same); Soberon v. 
Robinson 2006 WL 1781623, *3 (Tex. App.—Beaumont 2006, pet. denied) (holding 
same); Emeritus Corp. v. Highsmith, 211 S.W.3d 
321, 324-325 (Tex. App.—San Antonio 2006, pet. denied) (finding that denying 
interlocutory appeal of a motion to dismiss when no report is served would 
thwart the legislative intent to allow interlocutory appeal of an order denying 
a motion to dismiss); Thoyakulathu v. Brennan, 
192 S.W.3d 849, 851 n.2 (Tex. App.—Texarkana 2006, no pet.) (severing the extension from the motion to dismiss and 
limiting review to the trial court's order denying the doctor's motion to 
dismiss). At least one court of appeals has concluded that, notwithstanding the 
absence of a timely served report, it lacked jurisdiction over the provider’s 
interlocutory appeal. Badiga v. Lopez, 
2005 WL 1572273 (Tex. App.—Corpus Christi 2005, pet. filed) (holding that 
section 51.014(a)(9) does not permit an interlocutory 
appeal when a thirty–day extension is granted). That situation is not before us, 
however, and we express no opinion on the propriety of those holdings.