# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00317-CV

**Heart Hospital of Austin and Jan N. Ogletree, M.D., Appellants**

**v.**

**Nancy Kay Matthews and Luann Matthews, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
## NO. GN403290, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## O P I N I O N

Appellants Heart Hospital of Austin and Jan N. Ogletree, M.D. appeal from the trial court's denial of their motions to dismiss the medical malpractice suit brought by appellees Nancy Kay Matthews and Luann Matthews. We hold that we lack the jurisdiction to consider Ogletree's appeal, and we affirm the trial court's order as to the Hospital.

### Procedural Background

On October 4, 2004, appellees filed suit, alleging that appellants were negligent in their medical treatment of appellees' father, John Matthews.[1] Appellees' expert reports were due on February 1, 2005, 120 days later. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West

---

[1] Appellees allege that their eighty-four-year-old father was admitted to the Hospital with chest pain. Ogletree, a urologist, perforated Matthews's bladder when he inserted a urinary catheter, causing renal failure. Matthews's condition deteriorated, and he died soon after.

Supp. 2005).[2] On January 31, appellees provided appellants with three expert reports by radiologist Dr. Richard Karsh, professor of nursing Alexanderia Burwell, and two nurse consultants on behalf of SUMMIT Medical-Legal Investigations ("SMLI"). Appellants moved to have appellees' claims dismissed, arguing that the reports were deficient to such a degree that they should not be considered expert reports at all. Ogletree filed his objections and motion to dismiss on February 22, and the Hospital filed its motion to dismiss on March 7. Appellees responded to appellants' motions to dismiss, asserting that they had made a good faith effort to comply with the statute. They argued that the Hospital had waived its objections by filing its motion outside of the twenty-one-day window provided by section 74.351 and requested a thirty-day extension of time to correct any deficiencies and to submit a report by a urologist.[3] The trial court denied both motions to dismiss. The court found that the Hospital had waived its objections to the expert reports by filing its motion to dismiss more than twenty-one days after the reports were served. The court found that the reports were deficient as to Ogletree but granted appellees a thirty-day extension of time to cure the deficiencies. Appellants separately filed notices of interlocutory appeal. *See id*. § 51.014(a) (West Supp. 2005).

**Expert Report as to Dr. Ogletree**

The only issue raised by Ogletree is whether the trial court had the discretion to grant appellees an extension under subsection 74.351(c), which allows a trial court to grant one thirty-day

---

[2] Section 74.351 was amended in 2005, after appellees filed suit. *See* Act of May 18, 2005, 79th Leg., R.S., ch. 635, §§ 1, 2, 2005 Tex. Gen. Laws 1590, 1590. Because the amendment does not affect our analysis, we will cite to the current statute.

[3] On March 30, appellees provided a report by urologist Dr. Morris Claman. Appellants did not object to the sufficiency of Claman's report.

extension to cure a deficient expert report. *Id*. § 74.351(c). Ogletree asserts that appellees' reports only addressed issues "unrelated to Dr. Ogletree's care" and that the experts were not qualified to give their opinions as to Ogletree's care. This, he argues, means that appellees failed to file an expert report as to Ogletree's alleged malpractice and, therefore, subsection 74.351(c) did not apply to give the trial court the discretion to grant an extension to appellees. Although Ogletree argues that he is appealing not from the trial court's grant of the extension, but only from the denial of his motion to dismiss, the two actions by the trial court are completely intertwined, and we disagree that Ogletree is appealing only from the denial of his motion to dismiss.

When the legislature rewrote the statutes governing health care liability claims in 2003, it provided that within 120 days of filing a lawsuit asserting a health care liability claim, a plaintiff must serve an expert report on each defendant, along with the expert's curriculum vitae ("CV"). *Id*. § 74.351(a). If a plaintiff fails to file a timely expert report, the court must, on the affected defendant's motion, dismiss the case with prejudice. *Id*. § 74.351(b). However, if a report "has not been served within [120 days] because elements of the report are found deficient," the trial court has the discretion to grant a single thirty-day extension of time to cure the deficiencies.[4] *Id*.

---

[4] Article 4590i, the predecessor to section 74.351, provided for a discretionary thirty-day extension of time upon a showing of "good cause" and a mandatory thirty-day "grace period" upon a showing that the failure to file a conforming report was due to accident or mistake and was not intentional or due to conscious indifference. *See* Act of May 4, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 986 (amending Tex. Rev. Civ. Stat. art. 4590i, § 13.01, repealed in 2003). Section 74.351 does not require a showing of good cause, accident, or mistake; it simply leaves the granting of an extension to the trial court's discretion. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c); *see In re Covenant Health Sys.*, No. 07-05-0462-CV, 2006 Tex. App. LEXIS 1696, at *8 (Tex. App.—Amarillo Mar. 1, 2006, orig. proceeding) ("Unlike the former statute, the Legislature omitted from subsection (c) [of section 74.351] terms such as 'good cause,' 'accident,' or 'mistake' in vesting the trial court with discretion to grant an extension.").

§ 74.351(c). We review a trial court's decision on a motion to dismiss for failure to file an expert report for an abuse of discretion. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001) (discussing dismissal for lack of expert report under art. 4590i, predecessor statute to Tex. Civ. Prac. & Rem. Code Ann. § 74.351); *Group v. Vicento*, 164 S.W.3d 724, 727 (Tex. App.—Houston [14th Dist.] 2005, pet. filed).

If a trial court has not entered a final and appealable order, we have jurisdiction to hear an interlocutory appeal only if authorized by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1988); *Academy of Oriental Med., L.L.C. v. Andra*, 173 S.W.3d 184, 185 (Tex. App.—Austin 2005, no pet.). We construe the statutory grant of interlocutory jurisdiction to determine and effectuate the legislature's intent. *Andra*, 173 S.W.3d at 185 (citing *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002)). We consider disputed provisions in the context of the entire statute, not in isolation, and we assume that every word, phrase, and expression used in a statute was deliberately chosen and every word excluded was excluded purposefully. *Id*.

Subsection 51.014(a)(9) provides that an interlocutory appeal may be taken from a trial court's denial of a motion to dismiss for failure to file an expert report under section 74.351(b). Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). A defendant may not, however, appeal from an order granting an extension to file an expert report under section 74.351(c).[5] *Id*. Because our jurisdiction over interlocutory appeals is a narrow exception to the general rule that we may only

---

[5] Section 51.014 further allows an interlocutory appeal to be taken from an order granting relief under subsection 74.351(*l*), which provides that trial court "shall grant a motion challenging the adequacy of an expert report only if it appears to the court" that the expert report does not "represent an objective good faith effort to comply with" the statutory definition of an expert report. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(10), 74.351(*l*) (West Supp. 2005).

consider final judgments and orders, we must strictly construe section 51.014. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001); *Andra*, 173 S.W.3d at 185-86.

Although Ogletree sought dismissal under subsection 74.351(b), he also objected to appellees' reports, arguing that Karsh's report did not satisfy section 74.351. Ogletree noted that Karsh's CV was not attached to his report and complained that Karsh, a radiologist, was not qualified to give an expert opinion as to the care Ogletree provided as a urologist. Ogletree further objected that Burwell's report did not refer to Ogletree and that SMLI's report could not be used against Ogletree because it was written by nurses.[6] On appeal, Ogletree contends that the extension granted under subsection 74.351(c) is "not before this court" and that he "is only appealing the trial court's denial of his motion to dismiss for failure to obtain an expert report." We disagree.

In *Andra*, which concerned whether we had jurisdiction over a trial court's order denying a challenge to an expert report under subsection 74.351(*l*), we held:

> When a trial court grants a 30-day extension under (c), it does not dismiss or award fees or costs. In such cases, even where there is no timely expert report because the report or reports filed were found deficient and where the defendant moves for dismissal, fees, or costs, the trial court may deny the motion. The grant of an extension to the plaintiff can be a denial of a defendant's motion under 74.351(b). Section 51.014(a)(9) generally makes such denials the proper subject of an interlocutory appeal. Rather than inviting us to assume jurisdiction over interlocutory appeals of denials of motions other than motions for relief under section 74.351(b), the exception in 51.014(9) clarifies that *an interlocutory appeal is only available when the court had denied a defendant's motion but had not granted the plaintiff additional time to cure deficiencies*.

---

[6] Appellees do not dispute that the reports filed as of January 31 were insufficient as to Dr. Ogletree. At the hearing on appellants' motions to dismiss, appellees' counsel stated that when he received Karsh's report, he realized he needed a urologist's opinion. Appellees sent Dr. Claman's report to appellants on March 30.

173 S.W.3d at 188 n.7 (citations omitted, emphasis added). In other words, an interlocutory appeal from the denial of a motion to dismiss under subsection 74.351(b) is proper only if the trial court's order does not also grant an extension under subsection 74.351(c). *Id*. To hold otherwise would essentially eliminate the phrase "an appeal may not be taken from an order granting an extension under Section 74.351" from subsection 51.014(a)(9).

In this case, appellees filed several reports attempting to satisfy section 74.351. Ogletree objected to those reports and also moved for dismissal under subsection 74.351(b). The trial court agreed that the reports were deficient as to Ogletree, but exercised its discretion to grant appellees an extension of time to file satisfactory reports under subsection 74.351(c) and denied Ogletree's motion to dismiss. Because the trial court's denial of Ogletree's motion also granted an extension under subsection 74.351(c), an interlocutory appeal may not be brought from the court's order. We lack jurisdiction over Ogletree's appeal and therefore dismiss Ogletree's appeal for want of jurisdiction.

**Expert Report as to The Hospital**

The Hospital contends that because the reports by Burwell and SMLI addressed the standard of care and the Hospital's alleged breaches of that standard, it had no basis on which to object to those reports. Instead, the Hospital asserts that it waited for the urologist's report that appellees stated would "hopefully" be provided within a week, expecting that the new report would address the element of causation, but when no such report was filed, it moved to dismiss. The Hospital argues that it was not required to object to the absence of the report within twenty-one days

of the initial reports and that because appellees failed to produce a timely report addressing causation, the trial court was required to grant the Hospital's motion to dismiss. We disagree.

The statute is clear that a medical defendant whose conduct is implicated by a report must object to any insufficiencies in the report no later than twenty-one days after the report was served. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). If a defendant does not object to the sufficiency of a report by the twenty-first day, any objections are waived. *Id*. Appellees served their expert reports on January 31. On March 7, the Hospital filed its motion to dismiss. The Hospital argues that it did not object to the reports within twenty-one days because the reports satisfied some of the elements of section 74.351 and because appellees had told the Hospital that another report, presumably addressing the missing element of causation, would be forthcoming. Not until that report was not filed did the Hospital file its motion to dismiss, more than twenty-one days after the first reports were served. The Hospital argues that it did not have to object to SMLI's and Burwell's reports because only doctors are qualified to provide an opinion as to causation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.403 (West 2005). In other words, the Hospital argues that it was not required to object to the lacking element in the nurses' reports because those reports provided as many of the required elements as the nurses were statutorily qualified to give. Therefore, the Hospital argues, it did not waive its right to seek dismissal for insufficient reports.

Although the Hospital argues that it was not required to object to the reports, its motion to dismiss did attack the reports filed on January 31. The Hospital contended that Dr. Karsh's report was insufficient because it did not mention the Hospital or its nurses and did not explain the applicable standard of care, how the Hospital breached that standard, or how any such

7

breach harmed Matthews. The Hospital further asserted that appellees could not rely on Burwell's or SMLI's reports because nurses are not qualified to render an expert opinion as to causation. The Hospital argued that appellees had not provided a report showing a causal link between the Hospital and the alleged injuries, and therefore, the suit against the Hospital should be dismissed.

The statute allows a plaintiff to provide opinions about the required elements of liability through more than one report. *Id*. § 74.351(i). Therefore, a plaintiff's case will not be dismissed simply because each individual report, viewed on its own, does not fully address each statutory element. Instead, the trial court must look at all of the reports served by the plaintiff and determine if, viewed as a whole, the reports together address each of the required elements. *Id*. If a plaintiff were to produce only one expert report in an attempt to satisfy the statute and that report failed to address one of the required elements, the defendant would be obligated to object to the report as deficient within twenty-one days of the report's production or any objection would be waived. *Id*. § 74.351(a). The same applies here—appellees filed three reports in an attempt to satisfy the statute. The Hospital argued that one element is lacking from those reports, but it failed to raise that objection in time.

By waiting until March 7 to move for dismissal on the basis that the January 31 reports were deficient, the Hospital waived its objections to any deficiencies in the reports. It does not matter that the Hospital waited to see whether the promised report would address causation. The reports as filed on January 31 did not address causation, and the Hospital eventually moved for dismissal on that basis. Therefore, the Hospital waived any objection to an element missing from

8

the package of reports. The trial court did not abuse its discretion in denying the Hospital's motion to dismiss for insufficient expert reports. We overrule the Hospital's issues on appeal.

### Conclusion

We hold that we lack jurisdiction over Ogletree's interlocutory appeal. We further hold that the trial court did not abuse its discretion in finding that the Hospital waived its objections and in denying its motion to dismiss, and we therefore affirm the trial court's order denying the Hospital's motion to dismiss.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed in Part; Dismissed for Want of Jurisdiction in Part

Filed: May 5, 2006