In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-492 CV


____________________



JOHN A. SCHMIDT and 


PORT ARTHUR SURGICAL ASSOCIATION, P.A, Appellants



V.



HEATHER DUBOSE, Appellee






On Appeal from the 60th District Court


 Jefferson County, Texas


Trial Cause No. B-177,053






OPINION


 This is an interlocutory appeal from the denial of a motion to dismiss a health care
liability claim for failure to file an expert report. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 51.014(a)(9), 74.351(b) (Vernon Supp. 2007). John A. Schmidt and Port Arthur Surgical
Association, P.A. ("PASA"), appeal the trial court's denial of their motion to dismiss a
particular theory of liability in Heather Dubose's medical malpractice suit against them. The
sole issue presented in this appeal is whether a plaintiff can maintain a theory of liability
against a health care provider that was not identified in the plaintiff's threshold Chapter 74
expert report as failing to meet the standard of care and which was first asserted more than
120 days after the original petition asserting a health care liability claim was filed. Because
it was not shown that the expert's partial change in opinion expressed during discovery
revealed that the threshold expert report did not represent a good faith effort to comply with
section 74.351(r)(6) of the Texas Civil Practice and Remedies Code as of the date of the
report, we find no abuse of discretion and affirm the trial court's order. Id. § 74.351(r)(6).

BACKGROUND


 Dubose suffered from complications after Schmidt performed a laparoscopic
cholecystectomy on her in 2004. She was subsequently readmitted, and it was discovered
that Schmidt had divided her common bile duct during the surgery instead of her cystic duct,
which required a second surgery to correct. On May 22, 2006, Dubose filed suit against
Schmidt for specific acts of negligence arising from the laparoscopic cholecystectomy, for
which she alleged PASA was vicariously liable. Dubose served appellants with an expert
report prepared by Mark R. Campbell on June 5, 2006, pursuant to section 74.351(a) of the
Texas Civil Practice and Remedies Code. Id. § 74.351(a). In the original report, Campbell
stated that although Schmidt's failure to recognize that he had severed Dubose's bile duct
during the laparoscopic cholecystectomy and his failure to immediately repair it did not meet
the standard of care, Campbell "[did] not believe it is negligent to injury [sic] the common
duct during a laparoscopic cholecystectomy if the surgeon has demonstrated that he has used
diligent care to prevent that from happening."

 Appellants objected to the sufficiency of the original report and on July 10, 2006,
Dubose served appellants with Campbell's supplemental report. See id. Campbell explained
in his supplemental report, "Schmidt thought that the common bile duct was a cystic duct and
he placed two clips across it which created a problem. As I stated in my [original] report, I
did not feel that this was a deviation of the standard of care because it is a known
complication of a laparoscopic cholecystectomy in mis-identifying the biliary tract anatomy." 
Campbell further clarified in his supplemental report that even though the initial act of
dividing the bile duct may not have breached the standard of care, Schmidt failed to meet the
standard of care when, during the initial surgery, he failed to view the stump of the cystic
duct and determine if it had two lumens instead of one or whether the stump of the cystic
duct seemed to be much larger than usual and when he failed to document and recognize that
observation before concluding the initial surgery. While the recognition of the enlarged
stump of the cystic duct would have necessitated the laparoscopic procedure be converted
to an open procedure and the common bile duct immediately repaired, since Schmidt failed
to meet the standard of care to immediately recognize the bile duct had been divided, a
second procedure was required at another hospital which required another anesthesia, an
open procedure, and another post-operative situation.

 By order dated August 11, 2006, the trial court determined that Campbell's report, as
supplemented, was adequate pursuant to section 74.351 of the Texas Civil Practice and
Remedies Code. Am Transitional Care Ctrs., Inc. v. Palacios, 46 S.W.3d 873 (Tex. 2001). 
Appellants concede on appeal that Campbell's report, as supplemented, met the requirements
of Chapter 74 as to Dubose's claim that Schmidt, during the laparoscopic cholecystectomy,
negligently failed to recognize that he divided the bile duct and immediately repair it as
Dubose initially pled in her Original Petition. Appellants do not appeal from that order of
the trial court finding the original expert report adequate under the statute.

 Dubose subsequently designated Campbell as a testifying expert for the trial and may
have produced his reports in response to various discovery requests for testifying expert
reports. During his oral deposition on August 24, 2007, Campbell testified, seemingly in
contradiction to the quoted statements from his reports, that Schmidt was negligent in
misidentifying and dividing Dubose's bile duct. Pursuant to section 74.351(b), appellants
filed a motion to dismiss the portion of Dubose's claims regarding Schmidt's alleged
negligence in misidentifying and dividing the wrong duct because Campbell's report
expressly negated that portion of her claims. See id. § 74.351(b). Appellants maintain that
because Campbell's reports expressly state that such action of Schmidt was not negligent,
Dubose failed to serve an expert report within 120 days after the filing of her original claim 
with respect to the allegation that Schmidt misidentified and divided the wrong duct, and
Dubose should be precluded from pursuing this as a theory of liability. They argue that
"[a]llowing Dubose to proceed to a trial on a theory of liability wholly contradictory to her
Chapter 74 [expert report] ignores the clear language of the statute." The trial court denied
the motion. 

STANDARD OF REVIEW


 We generally review a trial court's ruling on a motion to dismiss under section
74.351(b) for abuse of discretion. Intracare Hosp. N. v. Campbell, 222 S.W.3d 790, 794
(Tex. App.--Houston [1st Dist.] 2007, no pet.) (citing Estate of Regis ex rel. McWashington
v. Harris County Hosp. Dist., 208 S.W.3d 64, 67 (Tex. App.--Houston [14th Dist.] 2006, no
pet.)). The ruling under review here concerns the purely legal issue of whether the deadlines
provided by section 74.351 of the Texas Civil Practice and Remedies Code for serving a
threshold expert report would preclude a plaintiff in a health care liability claim from
maintaining a claim based on an act of negligence determined during discovery, that has been
specifically described as not negligent in an initial report filed in accordance with section
74.351(a) or otherwise not determined until discovery. We review questions of law de novo. 
See id. at 794-95 (citing Brown v. Villegas, 202 S.W.3d 803, 805 (Tex. App.--San Antonio
2006, no pet.)). Where, as here, the trial court has no discretion in determining what the law
is, which law governs, or how to apply the law, the standard of review is the same, regardless
of whether it is described as abuse of discretion or de novo. Id. at 795. 

HEALTH CARE LIABILITY EXPERT REPORTS 

 Section 74.351 of the Texas Civil Practice and Remedies Code provides:

 (a) In a health care liability claim, a claimant shall, not later than the
120th day after the date the original petition was filed, serve on each party or
the party's attorney one or more expert reports, with a curriculum vitae of each
expert listed in the report for each physician or health care provider against
whom a liability claim is asserted. . . . Each defendant physician or health care
provider whose conduct is implicated in a report must file and serve any
objection to the sufficiency of the report not later than the 21st day after the
date it was served, failing which all objections are waived. 

 (b) If, as to a defendant physician or health care provider, an expert
report has not been served within the period specified by Subsection (a), the
court, on the motion of the affected physician or health care provider, shall,
subject to Subsection (c), enter an order that:


 (1) awards to the affected physician or health care provider reasonable
attorney's fees and costs of court incurred by the physician or health care
provider; and 


 (2) dismisses the claim with respect to the physician or health care
provider, with prejudice to the refiling of the claim.


Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a), (b). If the expert report is not timely
served, the trial court must dismiss the health care liability claim with prejudice. Id. §
74.351(b)(2). The statute defines an "expert report" as follows:

 a written report by an expert that provides a fair summary of the expert's
opinions as of the date of the report regarding applicable standards of care, the
manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed. 

Id. § 74.351(r)(6). 

WAIVER


 Dubose contends appellants waived their argument because they failed to object
within section 74.351(a)'s statutory twenty-one-day deadline and that the failure to include
the omitted elements is an issue regarding the sufficiency of the report. See id. § 74.351(a). 
Dubose relies on Desai v. Garcia, No. 09-06-332-CV, 2006 WL 3627008 (Tex. App.--Beaumont Dec. 14, 2006, no pet. h.) and Heart Hospital of Austin v. Matthews, 212 S.W.3d
331 (Tex. App.--Austin 2006), aff'd sub nom. Ogletree v. Matthews, 51 Tex. Sup. Ct. J. 165,
2007 WL 4216606 (Tex. Nov. 30, 2007). In Desai, the claimant filed suit against Dr. Desai
and served Desai with a "Second Addendum" to a previous report. Desai, 2006 WL
3627008, at *1-*2. More than twenty-one days after being served with the report, Desai filed
a motion to dismiss asserting for the first time that the expert's report was statutorily
insufficient. Id. at *2. This Court held that Desai's objections to the sufficiency of the
74.351(a) reports were waived because Desai had not timely objected. Id. 

 In Heart Hospital, the claimants served the defendant, Heart Hospital, with an expert
report. Heart Hosp., 212 S.W.3d at 335. More than twenty-one days later, Heart Hospital
filed a motion to dismiss arguing that it did not object to the report within twenty-one days
because the reports satisfied some of the elements of section 74.351 and because the
claimants had told Heart Hospital that another report would be forthcoming. Id. After no
additional report was served, Heart Hospital filed its motion to dismiss. Id. In its motion to
dismiss, Heart Hospital argued that the expert report was insufficient because it did not
mention Heart Hospital or its nurses and did not explain the applicable standard of care, how
Heart Hospital breached that standard, or how any such breach harmed the claimants'
deceased father. Id. The Austin Court of Appeals held that the trial court did not abuse its
discretion in denying Heart Hospital's motion to dismiss because by Heart Hospital's waiting
beyond the twenty-one-day deadline to move for dismissal on the basis that the reports were
deficient, Heart Hospital waived its objections to any deficiencies in the reports. Id. at 336. 
Desai and Heart Hospital are distinguishable because those cases involved challenges to the
sufficiency of the expert reports and not expert reports that expressly negate a specific theory
of liability.

 A motion to dismiss can challenge the adequacy of the report or can assert that as to
certain claims against certain defendants, no expert report was filed. Compare Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(b) with Tex. Civ. Prac. & Rem. Code Ann. § 74.351(l). 
Appellants filed their motion to dismiss asserting that as a result of Campbell's express
negation that Schmidt negligently divided the wrong duct, no expert report was filed as to
that particular "claim." We do not find a waiver of that challenge under the circumstances
presented.APPLICATION

 The Texas Supreme Court has held that former article 4590i's expert report
requirement establishes a "threshold" requirement that a claimant in a health care liability
claim must satisfy to continue a lawsuit. Murphy v. Russell, 167 S.W.3d 835, 838 (Tex.
2005) (discussing former Texas Revised Civil Statutes article 4590i). "In enacting former
article 4590i, the Legislature intended health care liability claims to be scrutinized by an
expert or experts before the suit can proceed." Id. Section 74.351(s) of the current statute
requires the expert report as a condition precedent to standard discovery in the lawsuit. Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(s); see also Lal v. Harris Methodist Fort Worth, 230
S.W.3d 468, 475 (Tex. App.--Forth Worth 2007, no pet.). A sufficient expert report in a
health care liability claim is not required to marshal and present all of the plaintiff's proof
and is generally not admissible in evidence by any party; cannot be used in a deposition, trial,
or other proceeding; and shall not be referred to by any party during the course of the action
for any purpose unless the expert report is used by the claimant in the course of the action
for any purpose other than to meet the service requirement of section 74.351(a). Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(k), (t); see also Bowie Mem'l Hosp. v. Wright, 79
S.W.3d 48, 52 (Tex. 2002). Once a claimant uses the report for other purposes, which
apparently happened in this case, the issue is no longer section 74.351(a)'s threshold
requirement, but one of compliance with the discovery rules. See Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(t). No discovery rules complaints could be presented in this appeal.

 The trial court in the case at bar, after a hearing, entered its order determining that
Campbell's report met the statute's threshold requirements and appellants do not challenge
that finding on appeal. Instead, appellants concede that the report is statutorily adequate to
address Dubose's cause of action regarding Schmidt's failure to recognize that the bile duct
had been divided before he completed the first operation. Appellants sought dismissal with
prejudice of only that portion of Dubose's claims asserting an additional allegation that
Schmidt was also negligent in incorrectly identifying the bile duct and in dividing the wrong
duct during the surgery, which opinion was never expressed until appellants took Campbell's
oral deposition. 

 In his oral deposition, Campbell testified that after he reviewed Schmidt's deposition
transcript and the laparoscopic photographs taken during the surgery, it was his opinion that
the explanation Schmidt initially provided for incorrectly identifying the bile duct was not
credible. In his original report, Campbell qualified his statement that injuring the common
duct during a laparoscopic cholecystectomy is a known complication and usually does not
amount to negligence "if the surgeon has demonstrated that he has used diligent care to
prevent that from happening." The statute defines an expert report as a written report by an
expert that provides a fair summary of the expert's opinions as of the date of the report
regarding applicable standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards, and the causal relationship
between that failure and the injury, harm, or damages claimed. Id. § 74.351(r)(6). Thus, the
plain language of the statute contemplates that the expert's opinions may be amended or
supplemented as discovery is completed in the lawsuit. 

 Here, appellants concede the appellee has a claim sufficient to survive a motion to
dismiss, but seek to limit her "claims" to the theories described in the original report. 
Chapter 74 defines a "health care liability claim" as a "cause of action against a health care
provider or physician . . . ." See id. § 74.001(a)(13) (Vernon 2005), § 74.351(r)(2) (Vernon
Supp. 2007). No new cause of action has been asserted as a result of the partial change in
the expert's opinion in this case. Multiple causes of action do not arise dependent on
whether the physician was negligent before, during, or after the wrong cut. If another health
care liability cause of action is alleged about which no expert report is made, a different issue
may be presented. This case does not present that issue.

 The issue here is whether the expert's partial change in opinion expressed during
discovery means the expert report did not represent an objective good faith effort to comply
with section 74.351(r)(6). See id. § 74.351(l), (r). Under the circumstances presented, the
trial court did not abuse its discretion in determining that the report represented an objective
good faith effort to provide a fair summary of the expert's opinions concerning the cause of
action "as of the date of the report." See id. § 74.351(r)(6). 

 Once the trial court has performed its gatekeeper function under section 74.351 of the
Texas Civil Practice and Remedies Code, subsequent expert reports and opinions are
governed by the rules of discovery set forth generally in the Texas Rules of Civil Procedure,
e.g., a party's duty to amend and supplement written discovery about a retained testifying
expert is governed by Rule 193.5 of the Texas Rules of Civil Procedure. Tex. R. Civ. P.
195.6; see also VingCard A.S. v. Merrimac Hospitality Sys., Inc., 59 S.W.3d 847, 854-55
(Tex. App.--Fort Worth 2001, pet. denied). Other safeguards are provided to govern the
evidence that is ultimately submitted to the trier of fact and we make no determination with
regard to same by this opinion. For instance, by way of example only, the trial court also has
the duty to act as a gatekeeper to ensure that any expert testimony is relevant, reliable, and
otherwise admissible under the Texas Rules of Evidence. See Tex. R. Evid. 401-403, 702-703, 705; Guadalupe-Blanco River Auth. v. Kraft, 77 S.W.3d 805, 807 (Tex. 2002); Gammill
v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 718 (Tex. 1998); E.I. du Pont de Nemours
& Co. v. Robinson, 923 S.W.2d 549, 556 (Tex. 1995). The decision to admit or exclude
evidence at time of trial, including a theory of liability, is generally within the exclusive
authority of the trial court. See City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex.
1995). Therefore, we hold that the trial court did not err in denying the motion to dismiss.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice

Submitted on January 3, 2008

Opinion Delivered June 26, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.