Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★                                                                    ★ ★ ★

# OPINION

No. 04-08-00826-CV

Gregorio E. **PEDROZA**, III, M.D. and Abdulhay A. Kadri, M.D.,
Appellants

v.

Diana **TOSCANO**, Individually and as Administrator of the Estate of Maria A. Martinez,
Deceased, and Ernest Martinez, Individually,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-04424
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   May 20, 2009

AFFIRMED

Gregorio B. Pedroza, III, M.D. and Abdulhay A. Kadri, M.D. appeal the trial court's order denying their motions to dismiss. The motions to dismiss sought to dismiss "any claim which was not made in Plaintiffs' Chapter 74 expert reports." The primary issue presented on appeal is "[w]hether the trial court abused its discretion by implicitly holding that a plaintiff may circumvent the 120-day report requirement of Tex. Civ. Prac. & Rem. Code Section 74.351(a) by asserting new

allegations of negligence after the 120-day report is served that were not asserted in any report served within 120 days of the filing of the original petition when all information necessary to assert those allegations is available to the plaintiff and her expert(s) as of the time the statutory report is served." The appellees, Diana Toscano, Individually and as Administrator of the Estate of Maria A. Martinez, Deceased, and Ernest Martinez, Individually, filed a motion to dismiss this appeal for lack of jurisdiction. We deny the motion to dismiss this appeal and affirm the trial court's order.

## PROCEDURAL BACKGROUND

The underlying lawsuit arose from the death of a nursing home resident. Toscano and Martinez filed their medical malpractice lawsuit on March 17, 2006 and amended their petition to add Pedroza and Kadri as defendants on March 29, 2006. Toscano and Martinez timely served Pedroza and Kadri with Dr. Michael Zeitlin's reports pursuant to section 74.351 of the Texas Civil Practice and Remedies Code (the "Code").

On January 23, 2007, Toscano and Martinez filed their designation of expert witnesses and produced a report by Mark Lachs, M.D., who was identified as their testifying expert. Dr. Lachs subsequently testified in two depositions in March and December of 2007. It is undisputed that Dr. Lachs's criticisms of Pedroza and Kadri did not match the criticisms contained in the report authored by Dr. Zeitlin.

On October 31, 2008, and November 3, 2008, respectively, Kadri and Pedroza filed their motions to dismiss. The trial court denied the motions, and Pedroza and Kadri filed this appeal.

## JURISDICTION

Section 51.014(a)(9) of the Code authorizes an appeal from an interlocutory order that denies all or part of the relief sought by a motion under section 74.351(b). TEX. CIV. PRAC. & REM. CODE

ANN. § 51.014(a)(9) (Vernon 2008).  Toscano and Martinez contend that this court does not have jurisdiction to consider this appeal because a challenge under section 74.351(b) would have to address Dr. Zeitlin's reports.  We disagree.

The arguments raised by Toscano and Martinez address whether the section 74.351(b) motion was appropriate under the circumstances of the case, i.e., whether Pedroza and Kadri can use section 74.351(b) to challenge Dr. Lachs's report.  Toscano and Martinez do not argue that Pedroza and Kadri were not seeking relief under section 74.351(b).  Because Pedroza and Kadri were seeking relief under section 74.351(b), which the trial court denied, we have jurisdiction to consider this appeal.  *See id.*

## STANDARD OF REVIEW

We typically review a trial court's decision on a motion to dismiss a health care liability claim under an abuse of discretion standard.  *Methodist Charlton Med. Ctr. v. Steele*, 274 S.W.3d 47, 49 (Tex. App.—Dallas 2009, pet. filed); *Schmidt v. Dubose*, 259 S.W.3d 213, 215 (Tex. App.—Beaumont 2008, no pet.).  The trial court has no discretion, however, in determining what the law is, and a failure to analyze or apply the law correctly will constitute an abuse of discretion.  *Steele*, 274 S.W.3d at 49; *Schmidt*, 259 S.W.3d at 215.

## EXPERT REPORT REQUIREMENT

The issue presented in this case is a purely legal issue, i.e., whether a plaintiff is precluded from maintaining a health care liability claim based on an act or theory of negligence disclosed by a testifying expert but not mentioned in the section 74.351 expert report.  In other words, is a plaintiff's testifying expert limited to opining exclusively on the acts or theories of negligence mentioned in the section 74.351 report?

In *Schmidt*, the Beaumont court faced a similar issue; however, in *Schmidt*, the issue was framed as "whether the deadlines provided by section 74.351 of the Texas Civil Practice and Remedies Code for serving a threshold expert report would preclude a plaintiff in a health care liability claim from maintaining a claim based on an act of negligence determined during discovery, that has been specifically described as not negligent in an initial report filed in accordance with section 74.351(a) or otherwise not determined until discovery." 259 S.W.3d at 215. The section 74.351 expert in *Schmidt* had originally stated in his report that the defendant was not negligent in misidentifying the plaintiff's bile duct but was negligent in failing to immediately recognize that he had divided the bile duct and immediately repair it. *Id*. The section 74.351 expert was subsequently designated as the plaintiff's testifying expert. *Id*. In his deposition, the expert testified, seemingly in contradiction to his section 74.351 expert report, that the defendant was negligent in misidentifying the bile duct. *Id*. The defendant sought to dismiss the plaintiff's assertion of the additional allegation that the defendant was negligent in misidentifying the bile duct because the opinion was never expressed until the expert's deposition. *Id*. at 218.

The Beaumont court initially noted that the section 74.351 expert report requirement establishes a "threshold" requirement that a claimant in a health care liability claim must satisfy to continue the lawsuit. *Id*. at 217. The court further noted that section 74.351 defines an expert report as "a written report by an expert that provides a fair summary of the expert's opinions *as of the date of the report*." *Id*. (emphasis in original); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6) (Vernon Supp. 2008). The court thus reasoned that "the plain language of the statute contemplates that the expert's opinions may be amended or supplemented as discovery is completed in the lawsuit." *Id*. The court noted, however, that no new cause of action was asserted as a result

of the partial change in the expert's opinion. *Id*. The court asserted, "If another health care liability cause of action is alleged about which no expert report is made, a different issue may be presented." *Id*. The court concluded that the section 74.351 report "represented an objective good faith effort to provide a fair summary of the expert's opinions concerning the cause of action as of the date of the report" and noted:

> Once the trial court has performed its gatekeeper function under section 74.351 of the Texas Civil Practice and Remedies Code, subsequent expert reports and opinions are governed by the rules of discovery set forth generally in the Texas Rules of Civil Procedure, e.g., a party's duty to amend and supplement written discovery about a retained testifying expert is governed by Rule 193.5 of the Texas Rules of Civil Procedure. Other safeguards are provided to govern the evidence that is ultimately submitted to the trier of fact and we make no determination with regard to same by this opinion. For instance, by way of example only, the trial court also has the duty to act as a gatekeeper to ensure that any expert testimony is relevant, reliable, and otherwise admissible under the Texas Rules of Evidence.

*Id*. at 218-19 (citations omitted).

Pedroza and Kadri seek to distinguish *Schmidt* on the basis that Dr. Lachs's negligence theories in the instant case were not newly discovered through the discovery process but were based on the medical records reviewed by Dr. Zeitlin. We disagree that such a distinction is relevant or controls the disposition of this appeal. In this case, as in *Schmidt*, Dr. Lachs was not asserting a different cause of action, only a different negligence theory.

Pedroza and Kadri also rely heavily on the Dallas court's opinion in *Steele*. In that case, however, the only claim initially asserted against Methodist Charlton Medical Center and Methodist Hospitals of Dallas, and the only claim addressed in the section 74.351 expert report, was a vicarious liability claim for a nursing employee's negligence. 274 S.W.3d at 48. The plaintiffs amended their petition 236 days after their original petition was filed to add direct claims against Charlton and MHD for negligent hiring, supervision, training, and retention. *Id*. at 48-49. Because no expert

report was served addressing the direct claims, the Dallas court held that the trial court was required to dismiss the direct claims. *Id*. *Steele* is readily distinguishable from the instant case, however, because no new cause of action was alleged by Toscano and Martinez.[1]

Pedroza and Kadri also rely on general language in the Texas Supreme Court's decision in *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873 (Tex. 2001). In *Palacios*, the Texas Supreme court does state that a section 74.351 report "must provide enough information to fulfill two purposes if it is to constitute a good-faith effort. First, the report must inform the defendant of the specific conduct the plaintiff has called into question. Second, and equally important, the report must provide a basis for the trial court to conclude that the claims have merit." *Id*. at 879. The Texas Supreme Court in *Palacios*, however, was attempting to define the purposes of an expert report and its required contents to satisfy the requirements of section 74.351. Pedroza and Kadri want to extend the use of the report beyond the threshold requirement of section 74.351 by imposing a limitation on the theories of negligence that can be presented at trial.

The extension of the report's use in the manner advocated by Pedroza and Kadri would be contrary to the statute which prohibits any reference to the report during the course of the proceeding for any purpose. TEX. CIV. PRAC. & REM. CODE ANN. §74.351(k)(2),(3) (Vernon Supp. 2008). The primary goal of statutory construction is to ascertain and effectuate the legislature's intent. *Steele*, 274 S.W.3d at 49. In doing so, we begin with the statute's plain language because we assume the legislature said what it meant and, thus, that its words are the surest guide to its intent. *Id*. The statute in this case states that the section 74.351 expert report "shall not be used in a deposition, trial, or other proceeding" and "shall not be referred to by any party during the course of the action for any

---

[1]Because *Steele* is distinguishable from the instant case, we express no opinion with regard to whether this court agrees with its holding or would agree with the application of its holding in all circumstances.

purpose." TEX. CIV. PRAC. & REM. CODE ANN. §74.351(k)(2),(3) (Vernon Supp. 2008). The legislature's enactment of such a broad prohibition is a clear indication of its intent to severely curtail any use of the report after the threshold requirement of section 74.351 is satisfied. This prohibition extends to the use advocated by Pedroza and Kadri. "[W]e will not attempt to tailor any [exceptions to the section 74.351(k) prohibition] that were not provided for by the Legislature."[2] *Garcia v. Willman*, 4 S.W.3d 307, 310 (Tex. App.—Corpus Christi 1999, no pet.).

Additionally, section 74.351(r)(6) defines "expert report" as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between the failure and the injury, harm, or damages claimed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6) (Vernon Supp. 2008). Thus, the definition requires the report to contain a fair summary of the opinions of the expert providing the report, not a fair summary of the opinions of the expert who will be called to testify at trial. Moreover, by including the phrase "as of the date of the report," the legislature contemplated that the opinions of the expert providing the report could change after that date as was the case in *Schmidt*. Therefore, we hold that a testifying expert is not limited to the acts or theories of negligence mentioned in the section 74.351 report.

## CONCLUSION

The trial court's order is affirmed.

Marialyn Barnard, Justice

---

[2]Although section 74.351(t) does provide an exception to the broad prohibition if the claimant uses the report for purposes other than satisfying section 74.351(a), this exception, even where applicable, would not support the use of the report being advocated by Pedroza and Kadri.