Clerk Vivian Long
7th Court of Appeals
501 S. Fillmore St. RM 2A
P.O. Box 9540
Amarillo TX 79101-9540

Date: January 19, 2015



FILED
JAN 2 3 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

RE: Cause Number: 07-14-00397-CV
    Trial Court Case Number: 97,305-C

Ms. Vivian Long

    Could You bring This motion For Amend To interlocutory ~~Appeal~~ Appeal To The Honorable Judge of said Court.

Thank You

Marcus Harper #692332
Bill Clements Unit
9601 SPUr 591
Amarillo TX 79107

CAUSE NO.07-14-00397-CV

| | |
|---|---|
| MARCUS EVERETTE HARPER | § COURT OF APPEALS |
| Plaintiff | |
| | |
| V. | § SEVENTH DISTRICT OF |
| | |
| TEXAS DEPARTMENT OF | |
| CRIMINAL JUSTICE | §POTTER COUNTY,TEXAS |
| Defendant's ET,.AL | |



FILED
JAN 2 3 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

<u>MOTION FOR AMEND</u>

TO

<u>INTERLOCUTORY APPEAL</u>

   Comes now Marcus E.Harper, hereafter referred to as Plaintiff would like to Amend this request for apointment of counsel, and medical negligence, negligence, or gross negligence, also this cause No. 07-14-00397-CV to his motion that was filed on November 14,2014.

   On 12-31-08 Plaintiff filed this suit because he was serverely burnded and disfigured for life; also the medical doctor, and staff on Bill Clements  Unit failed to follow medical care instruction that cause his leg to get infected so further medical care was needed to contain the infection. He was rushed back to the medical Burn Center in lubbuck where skin graft was needed to contain the infection. Under medical negligence, malpractice, and gross negligence.

   On 30th dat of Oct, 2014 Honorable Judge Ana Estevez dismissed this portion malpractice in error claiming that Tx.Civ.Prac.and Remedies Code 74.351 expert report requirement was not met by me.
   I filed a motion to object under article 74.352 Discovery sanction if the defendants do not come with the discovery within forty five days I can file sanctions from the judge.(R.1,p.8-9)
   The defendants stated that I had to Hire an expert report(R.1 p.9:15-22).

                              I

   The rule provide that responses and objection to requests for production of documents are to be served within 30 days of the request unless Court grants a shorter or longer time. Rule 34,Fed.R. Civ. P. the defendants however, wiated almost 4 years before responding, with obtaining or even seeking permission from the court or agreement from the Plaintiff,for this delay.

                              II

   The allegation of denial of medical care amount to "intentionally

                              1

interfering with the treatment once prescribed," which the supreme Court has specifically cited as an example of unconstitional deliberate indiference to prisoner'medical needs **Estelle v.Gamble** 429 U.S.97 105,97 S,ct. 285 (1976)

.**Medical need;** Some Courts have held that a serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even alay person would easily recognize the necessity for a doctors attention. **Hill v.Dekalb Regil Youth Det.Ctr** . 40 F.3d 1176,1187 (11th Cir.1994) Courts usually agree that the medical nedd must be"one that if left unattended, poses a sudstantial risk of serious harm." **Taylor v. Adams,** 221 F.3d.1254,1258 (11th Cir.200). to overcome qualified immunity (1) your rights were violated: (2) the right that was violated was clearly established; and (3) the defendant was personally responsible for the violation of your rights.

Under Texas Case Law,the fact that an action for on intentional Tort is barred, does not prevent an injured Party from pursuing a claim for simple negligence arising out of the same fact **Hucher v. City of Beaumont E.D. Tex.2001,** 144 F.Supp. 2d.696 at 708. There is no impediment to a proper characterization of negligence see **Huong** 961 **F.Supp** at 1008. where the fact may show that duty improperly or negligently use tangible personal property during care that resulting in an injury.

## III

Plaintiff request appointment of counsel for an indigent litigant," the factual complexity of the case,the ability of the indigent to investigate facts, existence if conflicting testimony, to present his claim" **Abdullah V.Gunter,**949 F.2d 1032, 1035 (8th cir. 1991). In adition Court have suggested that most important factor is whether the case appears to have merit, **Carmona v. U.S. BUreall of Prisons** 243 F.3d.629, 632 (2d Cir.2001)

Plaintiff has infirmed to trial Court that this is also, Medical care claim; it will need medical expert witness and to cross-examine medical witness (see motion 12-31-08). The presence of medical or other issues requiring expert testimony supports the appointment of counsel **Mantgomery v. Pinchak** 294 F.3d.492,503-04 (3rd Cir.2002); **Moore v.Madus,** 976 F2d 268, 272 (5th CIR.1992), **Jackson v.County of Mclean** 953 F.2d.1070,1073 (7th Cir.1992)

Plaintiff is incarcerated and has no ability to investgate the

2

facts. For example, he is unable to identify,locate,and interview inmates and medical witness who were at the seen of incident. see **Parham v.Johnson** 126 F.3d 454,459 (3d Cir.1997) (holding counsel should have been oppointed because prisoner's lack of legal experiense and the complex discovery rules clearly put him at a dis advantage in countering the defendant's discovery tactics... This discovery rule prevented him from hiring an expert report., but however there is a doctor physician repot that clearly states medical staff failed to follow wedical instruction that cause my infection. the existence of these credibility issues supports the a-appointment of counsel **Steele v.Shan** 87 F.3d 1266, 1271 (11th.Cir.1996).

**Hendricks v.Coughlin,** 114 F.3d 390,394 (2d Cir.1997) (holding complexity of supervisory liability supported appointment of counsel In adition, the plaintiff has asked for a jury trial,which requires mush greater legal skill than the plaintiff has or can develop. **Solis v. County of Los Angeles,** 514 F.3d.946,958 (9th Cir.2008) (prisoner with eighth grade education and no legal trianing is "ill-suited" to conduct a jury trial.

Plain language statute requiring submission of expert report at outset of (Health Care Provider Liability)Claim contamplates that the expert's opinions may be Amended or supplemented as discovery is completed in the lawsuit.**Schmidt v.Dobose** 259 S.W.3d 214 (App. 9th Dist.2008).

Plaintiff requested counsel to assist him in pre paring and filing an expert re port in support of his health care liability action against prison. Unlike in **Banknead v.Spence** 314 S.W.3d 464 he did not request counsel until the eve of the statutory deadline meaning any lack of meaningful time laid solely at inmate's feet befcause of his delay in requesting the appointment of counsel.

## IV

**Discovery 74.351** NOTE: 74  In a Health Care Liability claim oral depositions of parties are barred and only two oral deposition are allowed before the expert report is serve **In Re Lumsden** 291 S.W.3d 456 (App.14 dist. 2009)

Stay of discovery in heath care liability claims imposed by the Texas Medical Liability Act (TMLA) Rule allowing depositions before suits. **In Re Allan** (App.12 Dist.2006) 191 S.W.3d 483,at 487,249 S.W 3d 416 Granted.

3

Stay of discovery under the (TMLA) pending Plaintiff filing of expert report extended to pretrial depositions of emergency care physicians, despite Plaintiff's contention that while deviation from the stanard of ordinary care may be gleaned from medical records, the wilful and wanton negligence standard for emergency care under the statute required depositions. **InRe Memorial Hermann Hosp. System** (App.14 Dist 2006)209 S.W.3d 835. Pretrial Procedure 62.

Under rule 74.351 (s) (1) written discovery Until a claimant has served the expert report and curriculum vitae as requied all discovery in a health care liability claim is stayed except for the acquisition by the claimat of information, including medical or hospital records or other documents or tangible things, related to the petien's health care throgh discovery depositions at 840. Section 74.351 ˜oes not stay other, less costly form of covery **Chapter 74** requires health care defendants to comply with the discovery procedures setout in the legislation. See Ann 74.352 Tex.Civ.Prac. & Rem.Code once a clim is filed. at841.

## CONCLUTION

Plaintiff request that the Defendant's be reinstated under negligence that they were uncostitional deliberate indiference to plaintiff medical needs (See dicovery 070).

The defendant's failed to comply with discovery 74.352 within the time frame allowed (see volume 1 p.1-18).

Also request counsel to serve expert report under 74.351(s) that two depositions may be taken before expert report is served.

## PRAYER

For all the above reasons stated plaintiff request that this cause be reversed and the defendant's be made to answer.

## CERTIFICATE OF SERVICE

I,do hereby certify that a true and correct copy of this document was served upon the defendant's by placement of it in the William Clements  U.S. mail drop box postage Pre-paid, addressed to the state of Texas attorney General P.O.box 12548 Austin Texas 78711-2548 , also to trial Court District clerk Caroline Woodburn Potter County P.O.Box 9570 Amarillo Tx,79105-9570

All of the above is true and correct to the best of the Plaintiff's knowledge and recollection,sworn under penalty of perjury this 19 day January 2015. Marcus Harper #692332,Bill Clemnts Unit, 9601 Spur 591, Amarillo Tx 79107. *Marcus Harper #692332*

4

Marcus Harper #892332
Bill Clements Unit
9601 Spur 591
Amarillo, TX 79107

Clerk Vivian Long
7th Court of Appeals
501 S Fillmore St, Rm 2A
P.O. Box 9540
Amarillo TX 79105-9540

